(343 P.3d 530)
No. 111,548

STATE OF KANSAS, *Appellee*, v. ERIC WAGGONER, *Appellant*.

Opinion filed January 30, 2015.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Patrick J. Hurley*, assistant district attorney, *Matt Dennert*, legal intern, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS, J., and RICHARD B. WALKER, District Judge, assigned.

MALONE, C.J.: Eric Waggoner appeals his sentence following his convictions of possession of methamphetamine and marijuana. Waggoner argues that, in light of our Supreme Court's decision in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*modified by Supreme Court order* September 19, 2014), the district court erred in classifying his prior Kansas juvenile adjudication of attempted aggravated battery as a person felony for criminal history purposes. In *Murdock*, our Supreme Court held that when calculating a defendant's criminal history that includes out-of-state convictions

committed prior to the enactment of the Kansas Sentencing Guide-lines Act (KSGA), K.S.A. 21-4701 *et seq.*, the out-of-state convictions must be classified as nonperson offenses. 299 Kan. 312, Syl. ¶ 5.

Waggoner argues that the holding in *Murdock* applies to in-state pre-KSGA convictions as well. We disagree with Waggoner; the holding in *Murdock* is limited to the classification of out-of-state pre-KSGA convictions for criminal history purposes and does not apply to in-state convictions. Thus, the district court did not err in classifying Waggoner's prior Kansas juvenile adjudication of attempted aggravated battery as a person felony for criminal history purposes.

The facts are straightforward. On October 17, 2013, Waggoner pled no contest to one count of possession of methamphetamine and one count of possession of marijuana. At the sentencing hearing, the district court found that Waggoner's criminal history score was "B"—based in part on an April 6, 1993, juvenile adjudication in Ford County, Kansas, of attempted aggravated battery. Waggoner did not contest his criminal history score at sentencing. The district court sentenced Waggoner to a controlling term of 34 months' imprisonment with 12 months' postrelease supervision. Waggoner timely appealed the district court's judgment.

On appeal, Waggoner contends that the district court erred in calculating his criminal history score because that calculation included the erroneous classification of his April 1993 juvenile adjudication of attempted aggravated battery as a person felony. Some background information is necessary to understand Waggoner's argument. Kansas did not begin categorizing crimes as person or nonperson offenses until 1993 when the KSGA was adopted. See L. 1992, ch. 239, sec. 1 (KSGA effective July 1, 1993); *Murdock*, 299 Kan. at 315. Generally, person crimes are weighted more heavily than nonperson crimes for criminal history purposes. 299 Kan. at 314. In *Murdock*, our Supreme Court held that all out-of-state pre-KSGA crimes must be classified as nonperson felonies for criminal history purposes. 299 Kan. 312, Syl. ¶ 5.

Waggoner now argues that the holding in *Murdock* applies to in-state pre-KSGA convictions as well. Thus, because Waggoner's

juvenile adjudication in Ford County, Kansas, of attempted aggravated battery occurred on April 6, 1993—prior to the effective date of the KSGA and before Kansas began classifying offenses as either person or nonperson—Waggoner argues that the district court erred in classifying the offense as a person felony for criminal history purposes.

In response, the State first argues that in light of the Kansas Supreme Court's order modifying its original opinion in *Murdock*—an order issued after Waggoner filed his initial appellate brief—*Murdock* does not apply to in-state pre-KSGA convictions. The State also points out that Kansas courts have long classified in-state pre-KSGA crimes as either person or nonperson for criminal history purposes according to the comparable crime's post-KSGA classification. The State argues that the legislative intent behind the KSGA requires this court to follow precedent and reject Waggoner's argument.

The parties agree that whether a prior conviction or adjudication is properly classified as a person or nonperson offense involves the interpretation of the KSGA. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Waggoner candidly concedes that he did not object to his criminal history score in the district court. But as Waggoner notes, by challenging the accuracy of his criminal history score, he alleges an illegal sentence, and this court may consider his argument for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 975-76, 318 P.3d 987 (2014) (stating that a court "unquestionably" may entertain an illegal sentence allegation for the first time on appeal); *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011) (stating that where a criminal history score is incorrect, the resulting sentence is an illegal sentence). The State does not dispute that Waggoner may raise this issue for the first time on appeal.

We will begin our analysis by attempting to summarize our Supreme Court's decision in *Murdock*. Murdock pled guilty to two counts of aggravated robbery and one count of robbery committed in 2008. His criminal history included convictions of robbery in Illinois in 1984 and 1990 and a robbery conviction in Kansas in

1996. The district court classified all three prior convictions as person offenses, which placed Murdock into criminal history category A, and sentenced him to a controlling term of 233 months' imprisonment. This court affirmed the district court in *State v. Murdock*, No. 104,533, 2011 WL 4031550, at *3 (Kan. App. 2011) (unpublished opinion), *rev'd* 299 Kan. 312, 323 P.3d 846 (2014).

The Kansas Supreme Court granted a petition for review. Before the Supreme Court, Murdock argued that the district court should have classified the Illinois crimes as nonperson offenses because (1) K.S.A. 21-4710(d)(8) required such a classification and (2) "the legislature intended to designate pre-[KSGA] convictions as nonperson offenses." 299 Kan. at 314. Our Supreme Court began its analysis by addressing K.S.A. 21-4711(e), recodified as K.S.A. 2014 Supp. 21-6811(e), which governs the classification of out-of-state convictions for criminal history purposes. 299 Kan. at 314. That statute provides in pertinent part:

"Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either felony or misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime." K.S.A. 21-4711(e).

Murdock did not dispute that his out-of-state robbery convictions were comparable to the Kansas crime of robbery. The issue was which version of the Kansas robbery statute should be used to classify the Illinois convictions as person or nonperson. The Kansas robbery statute in effect when Murdock committed the Illinois crimes defined robbery as a "class C felony," with no person or nonperson designation. 299 Kan. at 315. However, the Kansas robbery statute in effect when Murdock committed his 2008 Kansas crimes defined robbery as a person felony. 299 Kan. at 315.

Murdock argued that the comparable robbery statute was the statute in effect at the time he committed the Illinois crimes. He asserted that using that statute would result in a classification of the crimes as nonperson pursuant to K.S.A. 21-4710(d)(8), recod-

ified as K.S.A. 2014 Supp. 21-6810(d)(6), which states that unless otherwise provided by law, unclassified felonies and misdemeanors are scored as nonperson crimes for criminal history calculation. Murdock also noted the Kansas Supreme Court's holding in *State v. Williams*, 291 Kan. 554, Syl. ¶ 4, 244 P.3d 667 (2010), that "the comparable Kansas offenses must be determined as of the date the defendant committed the out-of-state crimes." *Murdock*, 299 Kan. at 315.

We will briefly turn to our Supreme Court's decision in *Williams*. In that case, Williams pled guilty to two counts of identity theft committed in 2005 and 2006, and her criminal history included five state of Washington convictions of identity theft committed in 2001 and 2002. At the time the Washington crimes were committed, Kansas classified identity theft as a person offense, but by the time Williams committed and was sentenced for her Kansas crimes, Kansas had reclassified identity theft as a nonperson offense.

The issue in *Williams* was whether the district court should classify the Washington crimes for criminal history purposes as of the date Williams committed the Washington crimes, the date she committed the Kansas crimes, or the date of her Kansas sentencing. The *Williams* court reasoned that "using the date of commission of the prior out-of-state crime to calculate the criminal history would be consistent with our fundamental rule of sentencing for a current in-state crime: sentencing in accordance with the penalty provisions in effect at the time the crime was committed." 291 Kan. at 560. Because Kansas classified the crime of identity theft as a person offense at the time the Washington crimes were committed, the court concluded the Washington crimes should be classified as person offenses for criminal history purposes. 291 Kan. at 562.

The *Murdock* court noted that the Court of Appeals has followed *Williams* when the prior out-of-state offense was committed after the KSGA was adopted in 1993, citing *State v. McKinney*, No. 102,906, 2010 WL 5185779, at *1 (Kan. App. 2010) (unpublished opinion). 299 Kan. at 316. *McKinney* was a case exactly like *Williams*. The defendant pled no contest in 2009 to attempted failure to register as a sex offender, and his criminal history included a 2002 Oklahoma conviction for failing to register as a sex offender.

In 2002, failure to register as a sex offender was classified in Kansas as a nonperson felony, but by 2009, Kansas had reclassified the offense as a person felony. Following *Williams*, the *McKinney* court held that the comparable Kansas offense must be determined as of the date the defendant committed the out-of-state crime; thus, the prior Oklahoma conviction should be classified as a nonperson felony. 2010 WL 5185779, at *1.

However, the Supreme Court in *Murdock* discerned that the Court of Appeals has adopted a "different rule" when the prior out-of-state crimes were committed before the adoption of the KSGA. 299 Kan. at 316. The Court of Appeals panel in *Murdock* had stated that " 'Kansas courts have routinely classified pre-1993 offenses as either person or nonperson for criminal history purposes *by comparing the offenses to current guideline offenses.*' " (Emphasis added.) 299 Kan. at 316. The Supreme Court ultimately determined that this "different rule" used by the Court of Appeals for pre-1993 offenses is contrary to the holding in *Williams*. *Murdock*, 299 Kan. at 317-18.

As stated above, Murdock argued that because the comparable pre-KSGA Kansas statute did not classify robbery as person or nonperson, his Illinois convictions should be scored as nonperson offenses pursuant to K.S.A. 21-4710(d)(8), which requires nonperson classification for "unclassified felonies and misdemeanors." 299 Kan. at 318. But our Supreme Court deemed Murdock's argument misplaced, stating that K.S.A. 21-4710(d)(8) was likely adopted to address the scoring of a very limited number of current criminal statutes that do not categorize the crimes as person or nonperson offenses. 299 Kan. at 318. The court determined it was unlikely the legislature intended that K.S.A. 21-4710(d)(8) governed all pre-1993 convictions. 299 Kan. at 319.

The *Murdock* court then noted "there is no statutory mechanism either through K.S.A. 21-4710(d)(8) or another KSGA provision allowing us to draw a distinction between the current guidelines sentencing statutes and the pre-1993 criminal statutes." Despite its characterization of Murdock's reliance on K.S.A. 21-4710(d)(8) as misplaced, the court held that "Murdock's two prior out-of-state convictions must be scored as nonperson offenses under K.S.A. 21-

4710(d)(8) following our controlling *Williams* precedent." The court further expressly "overrule[d] all Court of Appeals decisions applying the rule recited by the Court of Appeals panel in this case." 299 Kan. at 319.

After the Supreme Court issued its opinion in *Murdock*, the State filed a motion for modification asking, among other things, that the court limit its holding to the classification of out-of-state pre-KSGA crimes for criminal history purposes. The court granted argument on the motion and on September 19, 2014, ordered its opinion modified, altering the sentence "We recognize this rule results in the classification of all pre-1993 crimes as nonperson felonies—an outcome the State characterizes as unreasonable" to state "We recognize this rule results in the classification of all *out-of-state* pre-1993 crimes as nonperson felonies—an outcome the State characterizes as unreasonable." (Emphasis added.) The rest of the opinion remained unchanged.

As the State argues, our Supreme Court's modification of *Murdock* signals that the court's holding is limited to the classification of *out-of-state* pre-KSGA offenses for criminal history purposes. The only modification the Supreme Court made was to add the words "out-of-state" to the sentence in which it explicitly recognized that *Murdock* would result in the classification of pre-KSGA crimes as nonperson felonies. This language in the body of the opinion is now consistent with the syllabus which states:

"When calculating a defendant's criminal history that includes out-of-state convictions committed prior to enactment of the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et seq.*, the out-of-state convictions must be classified as nonperson felonies. Prior caselaw contrary to this holding is overruled. 299 Kan. 312, Syl. ¶ 5.

Also supporting the conclusion that the holding in *Murdock* is limited to out-of-state pre-KSGA convictions is the fact that *Murdock*'s analysis began by addressing K.S.A. 21-4711(e), which "governs the classification of out-of-state crimes/convictions." 299 Kan. at 314. By its plain language, K.S.A. 21-4711(e) does not apply to in-state offenses or convictions. Because the statute upon which the *Murdock* court based its analysis does not apply to in-state convictions, neither should the *Murdock* holding. See *State v.*

*Dickey*, 50 Kan. App. 2d 468, 480, 329 P.3d 1230 (2014) (describing the holding and analysis in *Murdock* as "firmly tethered" to the text of K.S.A. 21-4711[e] and thus limited to out-of-state convictions), *rev. granted* 300 Kan. 1105 (2014).

As the State further argues, *Williams*—the other driving force behind *Murdock*—is significantly distinguishable from Waggoner's case. Like *Murdock*, *Williams* addressed a district court's determination of whether prior out-of-state convictions—Washington convictions of identity theft—were person or nonperson offenses for criminal history purposes. *Williams* also involved the peculiar fact that at the time the Washington crimes were committed, Kansas classified identity theft as a person offense, but by the time Williams committed and was sentenced for her Kansas crimes, Kansas had reclassified identity theft as a nonperson offense.

*Williams* did not involve a situation where the court was trying to classify a Kansas pre-KSGA offense as person or nonperson for criminal history purposes; the prior crimes in question were all committed post-1993. The State adopts the argument set forth by the dissent in *Murdock* that the application of *Williams'* holding should be narrowed "to the facts of that scenario, *i.e.*, when there is a change in the person/nonperson offense designation of a prior conviction—not to all pre-1993 offenses for which the designation of person/nonperson crimes was neither envisioned nor determined." 299 Kan. at 322 (Rosen, J., dissenting).

The State also argues that Kansas courts have long classified in-state pre-KSGA crimes as either person or nonperson for criminal history purposes according to the comparable crime's post-KSGA classification. The State argues that the legislative intent behind the KSGA requires this court to follow precedent and reject Waggoner's argument. But the State ignores the last paragraph of the *Murdock* opinion in which the court expressly "overrule[d] all Court of Appeals decisions applying *the rule* recited by the Court of Appeals panel in this case." (Emphasis added.) 299 Kan. at 319. It is not clear exactly what our Supreme Court in *Murdock* meant by "the rule" or by its sweeping statement overruling all Court of Appeals decisions applying the rule.

Unfortunately, review of this court's decision in *Murdock* does not clarify our Supreme Court's statement. This court's opinion in *Murdock* was brief; it succinctly rejected Murdock's arguments and followed *State v. Boster*, No. 101,009, 2009 WL 3738490, at *4 (Kan. App. 2009) (unpublished opinion), and *State v. Henderson*, No. 100,371, 2009 WL 2948657, at *2-3 (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1099 (2010). See *Murdock*, 2011 WL 4031550, at *2-3. *Boster* and *Henderson* had previously rejected Murdock's proposed interpretation of K.S.A. 21-4710(d)(8), reasoning that it would contravene the purposes of the KSGA and this court's traditional analysis and resolution of the issue. See *Murdock*, 2011 WL 4031550, at *2-3.

The Court of Appeals panel in *Murdock* did not expressly state a "rule" that controlled the outcome, but as our Supreme Court later noted, this court did recognize that "Kansas courts have routinely classified pre-1993 offenses as either person or nonperson for criminal history purposes by comparing the offenses to current guidelines offenses." 2011 WL 4031550, at *2. This statement appears to be the closest thing to a "rule" in this court's *Murdock* opinion, especially in light of this court's adoption of the rationale in *Henderson* and *Boster*, which this court summarized by stating that "[b]oth cases determined that pre-1993 offenses should be classified as person or nonperson crimes by considering comparable Kansas offenses." 2011 WL 4031550, at *2.

The problem with the Supreme Court's statement in *Murdock* overruling all decisions applying "the rule" recited by the Court of Appeals panel in that case is that the rule itself makes no distinction between in-state and out-of-state pre-KSGA offenses. Prior to *Murdock*, the distinction was not considered important. Application of "the rule" did not turn on the location of the prior offense. The question becomes whether *Murdock* expressly overruled all decisions applying the rule to classify pre-KSGA convictions for criminal history purposes, including in-state pre-KSGA convictions, or whether *Murdock* only overruled decisions applying the rule to classify out-of-state pre-KSGA convictions.

Prior to *Murdock*, this court had issued several decisions determining the person/nonperson classification of out-of-state pre-

KSGA offenses for criminal history purposes by comparing the offenses to current guidelines offenses. See *State v. Mitchell*, No. 104,833, 2012 WL 1649831, at *7 (Kan. App. 2012) (unpublished opinion) (affirming designation as person felony of 1990 Colorado arson conviction), *overruled by Murdock*, 299 Kan. 312; *State v. Speake*, No. 105,641, 2012 WL 1649878, at *3 (Kan. App. 2012) (unpublished opinion) (affirming designation as person felony of 1992 California conviction of infliction of corporal punishment on a spouse or cohabitant), *overruled by Murdock*, 299 Kan. 312; *State v. Sigley*, No. 105,687, 2012 WL 924813, at *1-2 (Kan. App. 2012) (unpublished opinion) (affirming designation as person offense of 1985 Ohio aggravated burglary), *overruled by Murdock*, 299 Kan. 312. Clearly, this court's decisions in *Mitchell*, *Speake*, and *Sigley* are now overruled by *Murdock*.

However, prior to *Murdock*, this court had issued other decisions determining the person/nonperson classification of in-state pre-KSGA offenses for criminal history purposes by comparing the offenses to current guidelines offenses. See, *e.g.*, *Boster*, 2009 WL 3738490, at *5 (listing prior Kansas convictions and affirming person designation after comparison to current guidelines offenses). Other prior Court of Appeals decisions addressing this issue do not explicitly identify the prior offenses as in-state or out-of-state. See *State v. Smith*, 49 Kan. App. 2d 19, 20-22, 303 P.3d 716 (2013) (affirming designation as person offenses of "pre-Guidelines convictions for aggravated burglary and robbery"), *rev. granted* 300 Kan. 1107 (2014); *State v. Mims*, No. 103,044, 2011 WL 4563068, at *6 (Kan. App. 2011) (unpublished opinion) (affirming designation as person felonies of 1970's convictions of attempted aggravated battery, aggravated battery, and attempted aggravated robbery), *rev. denied* 294 Kan. 946 (2012); *Henderson*, 2009 WL 2948657, at *2-3 (affirming designation as a person felony of "a juvenile adjudication in 1975 for aggravated indecent solicitation"). It is unclear whether the Supreme Court's decision in *Murdock* overrules *Boster*, *Smith*, *Mims*, and *Henderson*.

*Murdock* itself involved only *out-of-state* pre-KSGA offenses. As previously indicated, the court's syllabus states that "[w]hen calculating a defendant's criminal history that includes out-of-state

convictions committed prior to enactment of the [KSGA], the out-of-state convictions must be classified as nonperson felonies. Prior caselaw *contrary to this holding* is overruled." (Emphasis added.) 299 Kan. 312, Syl. ¶ 5. Because *Murdock's* holding applied only to out-of-state pre-KSGA offenses and the decision overruled prior caselaw contrary to this holding, it would appear that prior Court of Appeals' decisions involving in-state pre-KSGA offenses have not been overruled.

This brings us back to Waggoner's principal claim on appeal that the district court erred in classifying his April 1993 juvenile adjudication of attempted aggravated battery committed in Ford County, Kansas, as a person felony for criminal history purposes. Waggoner argues that because his juvenile adjudication occurred prior to the effective date of the KSGA and before Kansas began classifying offenses as either person or nonperson, the district court should have classified the offense as nonperson.

As noted in *Murdock*, the classification of out-of-state convictions and juvenile adjudications for criminal history purposes is governed by K.S.A. 21-4711(e). However, there is no specific provision in the KSGA that expressly governs the classification of in-state convictions and juvenile adjudications for criminal history purposes. Thus, we must look to the overall design and purposes of the KSGA and construe the act according to its spirit and reason. The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). While criminal statutes are generally strictly construed against the State, this principle is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate the legislative design and the true intent of the law. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014).

The sentencing guidelines are based on two controlling factors: crime severity and criminal history of the defendant. See K.S.A. 2014 Supp. 21-6804(c). In scoring criminal history, a distinction is made between person crimes and nonperson crimes. See K.S.A. 2014 Supp. 21-6809; *Murdock*, 299 Kan. at 314. Under the sentencing guidelines, designation of a crime as person or nonperson

depends upon the nature of the offense. Crimes which inflict, or could inflict, physical or emotional harm to another generally are designated as person crimes. Crimes which inflict, or could inflict, damage to property generally are designated as nonperson crimes. See *State v. Fifer*, 20 Kan. App. 2d 12, 15, 881 P.2d 589, *rev. denied* 256 Kan. 996 (1994); Kansas Sentencing Guidelines, Desk Reference Manual, p. 37 (2014). Generally, person crimes are weighted more heavily than nonperson crimes for criminal history purposes. See *Murdock*, 299 Kan. at 314.

Our Supreme Court has noted the following principles and legislative purposes of the KSGA: reserving prison space for violent offenders; basing the severity of the sanctions on the harm inflicted; uniformity in sanctions; clear, understandable penalties; reservation of incarceration for "serious violent offenders who present a threat to public safety"; rehabilitation of those incarcerated and making rehabilitative programs available in local communities as well as in prison; allowing policymakers to allocate resources; reducing prison overcrowding; protecting public safety; and standardizing sentences so that similarly situated offenders are treated the same. *State v. Favela*, 259 Kan. 215, 233-34, 911 P.2d 792 (1996).

Waggoner's argument that his prior juvenile adjudication of attempted aggravated battery should be scored as a nonperson felony for criminal history purposes runs counter to the overall design and legislative purposes of the KSGA. Waggoner does not dispute that the offense of attempted aggravated battery inflicts, or could inflict, physical or emotional harm to another person. He also does not dispute that the offense has been classified as a person felony since the KSGA was enacted in 1993.

Kansas did not begin categorizing crimes as person or nonperson offenses until 1993 when the KSGA was adopted. See L. 1992, ch. 239, sec. 1 (KSGA effective July 1, 1993); *Murdock*, 299 Kan. at 315. When the KSGA initially went into effect, *all* prior convictions were pre-KSGA convictions. Obviously, the legislature never intended all Kansas pre-KSGA convictions and juvenile adjudications to be scored as nonperson offenses for criminal history purposes. As the dissenting opinion in *Murdock* stated:

"The majority's holding [if applied to in-state convictions] would mean that almost no crime committed before 1993, no matter how violent or serious, could be specified as a person felony in scoring the criminal history for a crime committed post-1993. This simply is an intolerable result and completely compromises a sentencing structure that has as its primary goal protecting society from its most violent criminals." 299 Kan. at 322 (Rosen, J., dissenting).

In this particular case, we are attempting to classify a prior Kansas juvenile adjudication of attempted aggravated battery as a person or nonperson offense for criminal history purposes. In attempting to classify a Kansas pre-KSGA crime as person or nonperson, a court does not refer to comparable offenses as is the case in classifying out-of-state crimes; rather, a court looks to the crime itself as defined by the statute that was violated. Prior to the enactment of the KSGA, aggravated battery was defined as "the unlawful touching or application of force to the person of another with intent to injure that person or another . . . ." See K.S.A. 21-3414 (Ensley 1988). Attempted aggravated battery, prior to the enactment of the KSGA, was classified in Kansas as a class D felony. See K.S.A. 21-3414 and 21-3301(c)(3) (Ensley 1988).

For obvious reasons, attempted aggravated battery was not classified as either a person or a nonperson crime prior to the enactment of the KSGA—the need for such a classification did not exist. But in designating a crime as person or nonperson for criminal history purposes, courts should focus on the *nature of the offense* as set forth in the statutory elements of the crime rather than on the prior *classification* of the crime. Attempted aggravated battery is, and always has been, a crime which inflicts, or could inflict, physical or emotional harm to another person.

A Kansas pre-KSGA juvenile adjudication of attempted aggravated battery need not be scored as a nonperson felony for criminal history purposes pursuant to K.S.A. 21-4710(d)(8) simply because the offense was classified as a Class D felony prior to the enactment of the sentencing guidelines. The *Murdock* court made it clear that K.S.A. 21-4710(d)(8), which addresses unclassified felonies and misdemeanors, was never intended to govern all pre-1993 convictions. 299 Kan. at 319. Attempted aggravated battery has never

been an unclassified felony either before or after the enactment of the KSGA.

From our vantage point on the Court of Appeals, it appears that Kansas trial judges have always scored Kansas pre-KSGA convictions as person or nonperson for criminal history purposes based on the nature of the offense as set forth in the statutory elements of the crime—and for good reason—it makes no sense to determine criminal history in any other way. When construing statutes to determine legislative intent, appellate courts must consider various provisions of an act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. *State v. Coman*, 294 Kan. 84, 93, 273 P.3d 701 (2012). The courts must construe statutes to avoid unreasonable or absurd results and presume the legislature does not intend to enact meaningless legislation. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014).

*Williams* teaches that courts should use the date of commission of the prior crime to calculate the defendant's criminal history and to determine the person/nonperson classification of the prior offense. 291 Kan. at 560. Although we do not know the exact date that Waggoner committed his attempted aggravated battery, we know that he was adjudicated for the offense on April 6, 1993. At that time, aggravated battery in Kansas was a crime which would inflict, or could inflict, physical or emotional harm to another person. See K.S.A. 21-3414 (Ensley 1988). An attempt to commit a crime is treated as a person or nonperson crime in accordance with the designation assigned to the underlying crime. See K.S.A. 2014 Supp 21-6811(g); *Fifer*, 20 Kan. App. 2d at 16. Therefore, Waggoner's pre-KSGA juvenile adjudication in Ford County, Kansas, of attempted aggravated battery should be scored as a person felony for criminal history purposes. This result is consistent with the overall design and legislative purposes of the KSGA and is not contrary to the language of any specific statute or Kansas Supreme Court precedent.

Finally, Waggoner argues that the district court violated his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution as recognized in *Apprendi v. New*

*Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by sentencing him based in part on his criminal history without first requiring the State to allege the criminal history in a charging document and prove it beyond a reasonable doubt to a jury. As Waggoner concedes, our Supreme Court already has decided this issue contrary to his position. See *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002). This court is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its earlier position. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). There is no indication that our Supreme Court is departing from its position in *Ivory*.

Affirmed.