CORRECTED OPINION

NOT DESIGNATED FOR PUBLICATION

No. 112,649
112,650

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT L. STEVENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed December 31, 2015. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., GARDNER, J., and BURGESS, S.J.

*Per Curiam*: Robert Stevens pled guilty to possession of methamphetamine, possession of methamphetamine with intent to distribute, and possession of a depressant with intent to distribute. On appeal he challenges the district court's categorization of one pre-1993 in-state adjudication and one pre-1993 in-state conviction as person felonies and argues that the district court erred when it denied his motion for a dispositional departure. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In June 20, 2012, Robert L. Stevens was charged with one count of possession of methamphetamine and one count of possession or distribution of methamphetamine without affixing the appropriate tax stamp. Then, in August 2012, Stevens was arrested a second time and charged with possession of methamphetamine with the intent to distribute, possession or distribution of methamphetamine without affixing the appropriate tax stamp, possession of a depressant with intent to distribute, possession or distribution of a controlled substance without affixing the appropriate tax stamp, possession of marijuana, fleeing or eluding an officer, driving with a suspended license, failure to use a turn signal, and failure to stop for a stop sign. The cases were consolidated for purposes of the plea hearing, sentencing hearing, and appeal, although not for purposes of criminal history.

As a result of a plea agreement, count 2 was dismissed in the first case, as were counts 2, 4, 5, 6, 7, 8, and 9 in the second case, resulting in convictions for one count of possession of methamphetamine, one count of possession of methamphetamine with the intent to distribute, and one count of possession of a depressant with intent to distribute. The plea agreement left Stevens free to argue for downward durational and dispositional departures.

Prior to sentencing, Stevens filed a motion seeking a downward "dispositional and/or durational departure." Stevens alleged a number of mitigating factors existed which provided substantial and compelling reasons for the district court to depart from the presumptive sentence, including:

"3. That a non-prison or reduced prison sanction will serve community safety interests by promoting offender reformation more than incarceration. [Citation omitted.]

"4.     An appropriate treatment program exists which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism;

"5.     The defendant's cooperation with Law Enforcement dealing with other issues.

"6.     That probation with Community Corrections field services program will promote Defendant's reformation in that treatment is available and the supervision would ensure that Defendant did not pose a risk to the community."

Stevens also filed an objection to his criminal history score, arguing that one pre-1993 in-state adjudication and one pre-1993 in-state conviction should have been scored as nonperson felonies based on the Kansas Supreme Court's holding in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015).

At sentencing, the district court overruled Stevens' objection to his criminal history score, granted his motion for a durational departure, and denied his motion for a dispositional departure. Stevens now appeals the adverse rulings.

ANALYSIS

*Did the district court err when it categorized Stevens' pre-1993 adjudication and pre-1993 conviction as person felonies*?

Stevens first alleges that the district court erred when it calculated his criminal history score by categorizing one pre-1993 in-state adjudication and one pre-1993 in-state conviction as person felonies rather than nonperson felonies. This alleged error had the effect of elevating his criminal history score from an E to a B and increasing his sentence in this case. Stevens argues that since the version of the Kansas Sentencing Guidelines Act (KSGA) in effect at the time he was charged in this case was silent as to how to categorize pre-1993 convictions, K.S.A. 2011 Supp. 21-6810(d)(6) applies as a default and requires the district court to classify the prior convictions as nonperson felonies. Stevens cites *Murdock* as support for this proposition.

3

Stevens raises an issue that requires this court to engage in statutory interpretation. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014).

In *Murdock*, our Supreme Court considered a challenge to a district court's classification of two pre-1993 out-of-state convictions as person felonies. The Supreme Court reached its result in *Murdock* by extending the holding of *State v. Williams*, 291 Kan. 554, 560, 244 P.3d 667 (2010), which established the rule that, for the purpose of scoring them, prior out-of-state convictions should be compared to Kansas crimes/statutes in effect on the date the prior crime was committed. *Murdock*, 299 Kan. at 317-19. *Murdock* considered the impact of the *Williams* holding on the system of categorizing crimes as person or nonperson felonies for the purpose of calculating a defendant's criminal history score. 299 Kan. at 317-19. The court in *Murdock* held: "Murdock's two prior out-of-state convictions must be scored as nonperson offenses under K.S.A. 21-4710(d)(8) following our controlling *Williams* precedent. We recognize this rule results in the classification of all out-of-state pre-1993 crimes as nonperson felonies." 299 Kan. at 319.

Stevens requests that this court extend the holding of *Murdock* to all pre-1993 convictions. The State responds by arguing that legislative changes in the law that have taken place in the wake of *Murdock* require this court to deny Stevens' request. K.S.A. 2014 Supp. 21-6810 was amended, effective April 2, 2015, to clarify that all prior convictions should receive person/nonperson designations for the purpose of calculating a defendant's criminal history score, based on a comparison to statutes in effect at the time the new crime of conviction was committed. L. 2015, ch. 5, sec. 1(d)(2), (d)(2)(B). The amended statute clarifies that the "amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." L. 2015, ch. 5, sec. 1(e). The State argues that this statute should therefore be applied to the case at bar and

4

makes the argument that the retroactivity provision does not violate the United States Constitution's prohibition on ex post facto laws.

Since briefs were submitted to this court in this case, Stevens' position has been weakened further by the Kansas Supreme Court's decision in *Keel*. The defendant in *Keel* was charged with and found guilty of possession of drugs and drug paraphernalia. Prior to sentencing, a presentence investigation report was prepared that included two in-state pre-1993 convictions that were classified as person felonies. Although he did not challenge his criminal history score at sentencing, Keel challenged it on appeal, arguing that under *Murdock* the pre-1993 convictions should have been categorized as nonperson felonies.

The Kansas Supreme Court used *Keel* as an opportunity to reevaluate its holdings in *Williams* and *Murdock*. In *Keel*, the court engaged in a lengthy discussion of the history and purposes of the KSGA before ultimately concluding that all prior convictions should be classified as "person or nonperson offense[s] for criminal history purposes . . . based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction is committed." 357 P.3d at 269. In reaching this conclusion, the court overruled its prior holdings in both *Williams* and *Murdock*. *Keel*, 357 P.3d at 269. The *Keel* court recognized that its decision was consistent with the newly enacted amendments to K.S.A. 2014 Supp. 21-6810, but declined to address whether the statute's provision for retroactive application would be valid under the Ex Post Facto Clause. 357 P.3d at 270.

Here, as in *Keel*, it is unnecessary to reach the issue of whether the amendments to K.S.A. 2014 Supp. 21-6810 can, constitutionally, be applied retroactively. A more straightforward resolution of Stevens' appeal is possible by simply looking at the state of the law at the time Stevens committed the current crimes of conviction. In May 2011 and August 2012 respectively, the KSGA was silent as to whether or how to categorize pre-

1993, in-state convictions for purposes of distinguishing between person and nonperson felonies. See K.S.A. 2010 Supp. 21-4710; K.S.A. 2011 Supp. 21-6810.

In the absence of statutory guidance, this court repeatedly held that district courts should determine whether pre-1993 convictions should be classified as person or nonperson crimes "for criminal history purposes by comparing the offenses to current guidelines offenses." *State v. Waggoner*, 51 Kan. App. 2d 144, 153, 343 P.3d 530 (2015) *petition for review filed* February 18, 2015; see *State v. Mims*, No. 103,044, 2011 WL 4563068, *5-6 (Kan. App. 2011) (unpublished opinion), *rev. denied* 294 Kan. 946 (2012); *State v. Boster*, No. 101,009, 2009 WL 3738490, *4-5 (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1096 (2010). *Waggoner*, which was decided after *Murdock*, is the most recent and authoritative case in which this court addressed the issue of how to classify pre-1993 in-state convictions.

There, Waggoner appealed, arguing that the district court erred in calculating his criminal history score when it classified a pre-1993, in-state adjudication as a person felony. This court acknowledged the recent Supreme Court decision in *Murdock*, and its duty to follow it, but distinguished Waggoner's case from *Murdock* on the basis that *Murdock* dealt exclusively with out-of-state convictions. *Waggoner*, 51 Kan. App. 2d at 145. This court examined the history and purpose of the KSGA and ultimately determined "Waggoner's argument that his prior juvenile adjudication of attempted aggravated battery should be scored as a nonperson felony for criminal history purposes runs counter to the overall design and legislative purposes of the KSGA." 51 Kan. App. 2d at 155. This conclusion, the court noted, is consistent with the way "Kansas trial judges have always scored Kansas pre-KSGA convictions . . . and for good reason—it makes no sense to determine criminal history in any other way." 51 Kan. App. 2d at 157.

Because the law has never required all pre-1993, in-state convictions to be categorized as nonperson felonies for the purpose of calculating a defendant's criminal

history score, and in fact such a result is inconsistent with the design and purpose of the KSGA, the district court shall be affirmed. In all events, Stevens' argument that *Murdock* should be extended to all in-state convictions fails in that *Murdock* has been overruled and is no longer considered good law.

*Did the district court err when it denied Stevens' motion for a dispositional departure*?

Stevens next argues that the district court erred when it denied his motion for a dispositional departure. On appeal, a district court's decision to grant or deny a motion for a dispositional departure is reviewed for an abuse of discretion. *State v. Ballard*, 289 Kan. 1000, 1009, 218 P.3d 432 (2009). A judicial action constitutes an abuse of discretion if it "(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

K.S.A. 2011 Supp. 21-6815(a) authorizes district courts to impose departure sentences upon finding that there are "substantial and compelling reasons" to depart from the presumptive sentence. Subsections (c) and (d) of the statute then set out a nonexclusive list of mitigating and aggravating factors that the court can consider when reaching its decision. K.S.A. 2011 Supp. 21-6815(c), (d). When considering these factors, "sentencing courts do not simply add together the total number of mitigating circumstances and then contrast them with the total number of aggravating circumstances" to reach a decision. *Ballard*, 289 Kan. at 1009. Instead, courts retain their ability to exercise discretion, granting departures as they see fit within the broader confines of the statutory framework. See 289 Kan. at 1009.

Even if the district court finds that there are substantial reasons justifying a departure, the court is under no obligation to impose a departure sentence. K.S.A. 2011

Supp. 21-6818(a) ("When a departure sentence is appropriate, the sentencing judge *may* depart from the sentencing guidelines." [Emphasis added.]). The KSGA prescribes presumptive sentences based on the severity of the current crime and an individual defendant's criminal history. District courts then have the ability to depart from the presumptive sentence for reasons that are substantial, meaning """real, not imagined; something with substance and not ephemeral,""" and compelling, meaning """forced, by the facts of the case, to leave the status quo or go beyond what is ordinary.""" *State v. Looney*, No. 107,011, 2015 WL 770154, *1 (Kan. App. 2015), *rev. denied* April 28, 2015. Additionally, district courts exercise discretion in determining whether to grant durational departures, dispositional departures, or both. The same set of mitigating and aggravating factors may lead the district court to grant a durational departure without also granting a dispositional departure. See *Ballard*, 289 Kan. at 1009.

Here, the district court granted Stevens' motion for a durational departure, finding that his motion for durational and dispositional departure contained substantial and compelling reasons for the court to depart from the presumptive sentence. At the same time, the district court denied Stevens' motion for a dispositional departure, finding:

> "The problem I have with you is you have a 21-year criminal history of drug problems. And while it is well and good that you have now completed treatment for the fifth time, and indicate once again that you have turned things around and are ready to be a productive member of society. The problem is that doesn't take away from either your history. . . . And your history says you are a career criminal. I hope at age of 41 or 42 or 43 or wherever you are at, you are prepared to make these changes, and as you said, become a productive member of society. But there is still a cost to pay for your actions today."

A reasonable person could have agreed with the district court that Stevens' long criminal history, history of drug abuse, and number of times he had failed drug treatment in the past presented substantial and compelling reasons to deny his motion for a

dispositional departure, even in the face of the mitigating factors that led the court to grant the durational departure. Because the district court did not abuse its discretion when it denied Stevens' motion, the ruling is affirmed.

Affirmed.

* * *

ATCHESON, J., concurring: I would decide the issue of Defendant Robert L. Stevens' criminal history on the simple basis that *State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), overruled *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, on the point. The rule laid down in *Keel* requires that Stevens' previous juvenile adjudication for criminal threat and adult conviction for aggravated incest be scored as person felonies for criminal history purposes.