NOT DESIGNATED FOR PUBLICATION

No. 113,957

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DALE M.L. DENNEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed July 1, 2016. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam:* Dale M.L. Denney appeals the denial of his motion to correct an illegal sentence. In 1993, Denney was convicted of aggravated criminal sodomy, aggravated sexual battery, aggravated battery, and an aggravated weapons violation in district court case number 93-CR-1268. These crimes were committed on July 16, 1993. His criminal history score was B. Denney had two prior 1987 Kansas convictions for rape and aggravated burglary scored as person felonies. Denney did not object to his criminal history score. Denney was sentenced to 228 months in prison. This original sentence was

1

affirmed on appeal. He has brought numerous appeals to the Kansas appellate courts. See *State v. Denney*, No. 110,336, 2015 WL 326432, at *1 (Kan. App. 2015) (unpublished opinion).

In 2014, Denney filed motions to correct an illegal sentence, citing *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order September 19, 2014, overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), and *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). The district court denied Denney's motions to correct an illegal sentence without a hearing.

On appeal, Denney contends that his pre-1993 convictions for rape and aggravated burglary must be scored as nonperson crimes under *Murdock*. He contends that *Keel* does not apply retroactively because of the Ex Post Facto Clause of the United States Constitution. Denney alternatively contends that his 1987 aggravated burglary conviction must be classified as a nonperson felony under *Dickey*.

The law is clear—the courts may correct an illegal sentence at any time. K.S.A. 22-3504(1). Therefore, whether a sentence is illegal may be considered for the first time on appeal. *Dickey*, 301 Kan. at 1027. Moreover, a challenge to an illegal sentence is not subject to the general rule that a defendant must raise all available issues on direct appeal. *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011). Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

*Murdock* provides no basis for relief. *Murdock* was expressly overruled by our Supreme Court in *Keel*, 302 Kan. 560, Syl. ¶ 9. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime in the criminal history, the court must consider how the crimes would have been classified based on the

2

classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed. 302 Kan. at 590.

Denney's current crimes of conviction were committed on July 16, 1993. At that time, both rape and aggravated burglary were scored as person felonies. K.S.A. 1993 Supp. 21-3502(c) (rape); K.S.A. 1993 Supp. 21-3716 (aggravated burglary). Thus, both prior convictions were properly scored as person felonies for criminal history purposes.

Applying *Keel* to this case does not violate the Ex Post Facto Clause of the United States Constitution. The United States Supreme Court has set forth four categories of ex post facto violations:

> "1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." *Peugh v. United States*, 569 U.S. ___ 133 S. Ct. 2072, 2081, 186 L. Ed. 2d 84 (2013).

Kansas courts require two elements to be present:  (1) The law must be retrospective, applying to events occurring before its enactment; and (2) it must alter the definition of criminal conduct or increase the penalty by which a crime is punishable. *State v. Prine*, 297 Kan. 460, 469, 303 P.3d 662 (2013).

The *Keel* court ruled that "classifying a prior conviction or juvenile adjudication based on the classification in effect for the comparable offense when the current crime was committed complies with the Ex Post Facto Clause of the United States Constitution." 302 Kan. at 589. A statute that increases the punishment for a crime *after*

3

*its commission* is ex post facto. 302 Kan. at 589. Denney was sentenced in accordance with the law in effect at the time his current crime was committed. Therefore, there was no ex post facto violation.

Moreover, the court's decision in *Keel* did not affect Denney's sentence. Denney was never entitled to relief under *Murdock* because his prior convictions were in-state. The *Murdock* holding was limited to classification of out-of-state convictions for criminal history purposes. *State v. Waggoner*, 51 Kan. App. 2d 144, Syl. ¶ 1, 343 P.3d 530 (2015), *rev. denied* 303 Kan. ___. The *Waggoner* court noted that "Kansas trial judges have always scored Kansas pre-KSGA convictions as person or nonperson . . . ." 51 Kan. App. 2d at 157.

Further, *Murdock* was overruled by *Keel* before this court decided Denney's present appeal. 302 Kan. 560, Syl. ¶ 9. New opinions of our Supreme Court are binding on all other future cases and all cases still pending on appeal when the new opinions are filed. *Stechschulte v. Jennings*, 297 Kan. 2, 18, 298 P.3d 1083 (2013).

*Dickey* also does not provide a basis for relief. The *Dickey* court ruled that *Murdock* was inapplicable to the classification of prior burglary convictions because K.S.A. 2014 Supp. 21-6811(d) provides a "specific method for classifying prior burglaries for criminal history purposes." 301 Kan. at 1021. "[I]n order to classify a prior burglary conviction . . . as a person offense under K.S.A. 2014 Supp. 21-6811(d), a sentencing court must find that the prior burglary involved a 'dwelling.'" 301 Kan. at 1021. The pre-1993 burglary statute that Dickey violated did not include as an element that the burglarized structure be a dwelling. Thus, the district court was constitutionally prohibited from classifying the adjudication as a person offense under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). See 301 Kan. at 1021.

In contrast, classification of a prior *aggravated* burglary conviction is not controlled by K.S.A. 2015 Supp. 21-6811(d). The aggravated burglary statute in Kansas has always required proof of the presence of a human being. See K.S.A. 21-3716 (Weeks 1974); K.S.A. 21-3716 (Ensley 1981 & 1988); K.S.A. 21-3716 (Furse 1995). Aggravated burglary was classified as a person felony at the time of Denney's current crimes of conviction. See K.S.A. 1993 Supp. 21-3716. Therefore, Denney's 1987 aggravated burglary conviction was properly scored as a person felony.

Affirmed.