NOT DESIGNATED FOR PUBLICATION

No. 114,979

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEREK ALAN MEEK,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed August 19, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before LEBEN, P.J., PIERRON and MCANANY, JJ.

LEBEN, J.: Derek Meek was convicted of eluding police and interfering with a law-enforcement officer, and he now appeals his sentence, making two arguments. First, he argues that using his criminal-history score to enhance his sentence—as courts typically do under the Kansas Sentencing Guidelines Act—violated his constitutional rights, but the Kansas Supreme Court has consistently rejected that argument. See *State v. Overman*, 301 Kan. 704, 716, 348 P.3d 516 (2015); *State v. Ivory*, 273 Kan. 44, 47-48, 41 P.3d 781 (2002). Second, he argues that his criminal-history score is incorrect under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), because it included pre-1993

convictions that should have been classified as nonperson felonies rather than person felonies. But *Murdock* has been overruled and is no longer good law.

We granted Meek's motion for summary disposition in place of briefs under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

FACTUAL AND PROCEDURAL BACKGROUND

In April 2015, Meek pled guilty to eluding police and interfering with a law-enforcement officer. The district court found that Meek's criminal-history score was an A, the most serious criminal-history score, and neither party objected. The district court imposed the standard prison sentence under the Kansas Sentencing Guidelines Act for each count, to run concurrently (at the same time): 16 months in prison for eluding and 6 months in prison for interfering, with 12 months of postrelease supervision. Meek now appeals his sentence.

ANALYSIS

First, Meek argues that the court violated his constitutional rights when it used his prior convictions, in the form of his criminal-history score, to enhance his sentence. Meek cites *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), which held that the Sixth Amendment to the United States Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum—"[o]ther than the fact of a prior conviction"—must be submitted to a jury and proved beyond a reasonable doubt.

But Meek concedes that the Kansas Supreme Court has already considered this issue and confirmed that *Apprendi* does not keep the court from considering the mere fact of a prior conviction when applying the Kansas sentencing guidelines. Accordingly, a

2

defendant's criminal-history score doesn't have to be proved to a jury beyond a reasonable doubt before it can be used to increase a defendant's sentence. See, *e.g.*, *Overman*, 301 Kan. at 716; *Ivory*, 273 Kan. at 47-48. The district court was not wrong to enhance Meek's sentence based on his criminal-history score.

Second, Meek argues that his sentence is illegal because the district court, under *Murdock*, a 2014 Kansas Supreme Court opinion, should have classified two of his prior convictions as nonperson rather than person felonies, which would have resulted in a lower criminal-history score and a shorter sentence. Whether a prior conviction was correctly classified as a person or nonperson crime is a question of law over which we have unlimited review. *Keel*, 302 Kan. at 571-72.

*Murdock* interpreted the Kansas Sentencing Guidelines Act and held that a defendant's pre-1993 out-of-state convictions had to be scored as nonperson offenses for criminal-history purposes. 299 Kan. at 318-19. Meek argues that under that ruling, his two 1979 convictions for aggravated assault should have been classified as nonperson felonies, but, as he concedes, the Kansas Supreme Court overruled *Murdock* in *Keel*. 302 Kan. at 589-90. Furthermore, even when *Murdock* was good law, it applied only to *out-of-state* convictions, and Meek's aggravated-assault convictions occurred in Kansas. *State v. Waggoner*, 51 Kan. App. 2d 144, Syl. ¶ 1, 343 P.3d 530 (2015), *rev. denied* 303 Kan. ___ (December 29, 2015). Thus, *Murdock* does not give us a reason to reclassify any of Meek's prior convictions. See *State v. Lawson*, No. 114,280, 2016 WL 2611149, at *1 (Kan. App.) (unpublished opinion), *petition for rev. filed* June 6, 2016; *State v. Hadley*, No. 113,371, 2016 WL 1546020, at *5 (Kan. App.) (unpublished opinion), *petition for rev. filed* May 16, 2016; *State v. King*, No. 113,514, 2016 WL 1399013, at *2 (Kan. App.) (unpublished opinion), *petition for rev. filed* May 9, 2016.

Under *Keel*, a sentencing court must consider how a defendant's prior crimes would have been classified based on how the comparable Kansas offenses were classified

3

at the time the current crime was committed. 302 Kan. at 581. Meek committed the current crime in September 2014. At that time, Kansas classified aggravated assault as a person crime. K.S.A. 2014 Supp. 21-5412(e)(2). Meek's 1979 convictions for aggravated assault are correctly classified as person felonies. See *Lawson*, 2016 WL 2611149, at *1; *Hadley*, 2016 WL 1546020, at *5; *King*, 2016 WL 1399013, at *2.

We affirm the district court's judgment.