NOT DESIGNATED FOR PUBLICATION

No. 119,392

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN M. FORD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed May 24, 2019. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: Kevin M. Ford appeals the district court's decision denying a request to modify his sentence after the revocation of his probation. Ford admitted to the violations of the terms of his probation. Nevertheless, he requested that the district court modify his underlying sentences by running them concurrent with each other for a total of 68 months in prison. At the probation revocation hearing, the district court denied Ford's request for a modified sentence and imposed his underlying sentences for a total of 87 months' imprisonment. Finding no abuse of discretion, we affirm the district court's decision.

1

On June 30, 2014, Ford pled guilty to one count of possession of methamphetamine with the intent to distribute, one count of aggravated assault of a law enforcement officer, one count of possession of cocaine, and one count of committing an unlawful act involving proceeds derived from violations of drug laws. At a sentencing hearing held on August 7, 2014, the district court granted Ford a dispositional departure. Although the district court sentenced Ford to 87 months in prison, it granted him probation for a term of 36 months.

Three months later, an arrest warrant was issued alleging Ford was in violation of the conditions of his probation for engaging in assaultive behavior, consuming alcohol, and committing two new crimes—battery and destruction of property. As a result of these violations, the district court revoked and reinstated Ford's probation. In addition, the district court ordered him to serve a three-day jail sanction. As part of the reinstatement of probation, the district court ordered Ford to obtain a new drug and alcohol evaluation, to successfully complete the residential community corrections program, and to receive treatment for anger management.

Another arrest warrant was issued two months later alleging that Ford again violated the terms of his probation. Specifically, it was alleged that he failed to follow staff instructions at the residential facility, that he committed the new offenses of driving while suspended, that he received an auto license violation, and that he knowingly operated a vehicle while uninsured. The district court again revoked and reinstated Ford's probation and ordered him to serve a 120-day prison sanction. The district court also ordered Ford to return to the residential facility upon his release in order to complete his treatment program. Unfortunately, in March 2017 Ford once again violated the terms of his probation by driving with a suspended license. After waiving his rights to a probation violation hearing, he agreed to serve a two-day jail sanction.

On July 24, 2017, yet another arrest warrant was issued following Ford's submission of a urinalysis that was positive for THC, methamphetamine, and amphetamine. Ford stipulated to violating the terms of his probation for a fourth time, but asked the district court to again show him mercy through reinstatement. Ford assured the district court that his violation was a "fluke" and asked that he be given the chance to complete outpatient treatment. The district court expressed a willingness to devise a plan that would enable Ford to avoid prison, but noted that it would require Ford's dedicated participation.

The district court then imposed a 45-day jail sanction and reinstated probation for 9 months with community corrections to ensure that he receive more supervision. In doing so, the district court ordered Ford to obtain an updated drug and alcohol evaluation, to follow all of the accompanying suggestions made by his probation officer, as well as complete necessary treatment and aftercare. Furthermore, the district court advised Ford that there would be "zero tolerance on positive UAs."

Notwithstanding the repeated opportunities given to Ford by the district court, Ford again violated the terms of his probation. At a revocation hearing held on April 3, 2018, Ford stipulated to failing to notify his Intensive Supervision Officer of a change in his employment within 24 hours as directed, testing positive for methamphetamine, and being unsuccessfully discharged from drug and alcohol treatment. As a result, the district court again revoked Ford's probation. This time, however, the district court declined to reinstate Ford's probation because of Ford's repeated failures to avail himself of the opportunities he had been given.

Ford requested that the district court modify his underlying sentence from 87 months to 68 months by running the sentences for each conviction concurrently instead of consecutively. In denying this request and ordering Ford to serve his entire underlying prison sentence, the district court explained:

"I'm trying to be a man of my word, and this was a consequence hanging over your head for a long time. In fact, last time I said, 'this is a zero tolerance probation.' You knew exactly what the penalty was going to be if probation wasn't fulfilled, and this isn't just a positive UA. This was a positive UA and you saying you know the treatment isn't doing what I wanted it to do. Instead of attending it and working it and saying we've got to try something different because it isn't working for me, I'm overwhelmed by my addiction, you just walked away. And that's probably the biggest tragedy of all. So the request for concurrent sentences is denied."

Thereafter, Ford timely appealed.

ANALYSIS

On appeal, Ford contends the district court's decision not to modify his sentence was unreasonable because a shorter prison term would have better served the purposes of the revised Kansas Sentencing Guidelines Act (KSGA) and would enable him to obtain the substance abuse treatment he needs. We review the district court's denial of a defendant's request for a modified sentence following the revocation of probation for an abuse of discretion. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

The party asserting the district court abused its discretion—in this case Ford—bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014). Upon a finding of a probation violation after having served the required intermediate sanctions, the district court may revoke probation and require the probationer "to serve the sentence imposed, or any lesser sentence." K.S.A. 2018 Supp. 22-3716(c)(1)(E). Because Ford had already served intermediate sanctions,

4

the district court had the discretion to revoke his probation and to require him to serve the prison sentence that was originally ordered.

Ford makes a public policy argument that K.S.A. 2018 Supp. 22-3716(c)(1)(E) allows the district court to impose a modified sentence to conform with the purposes of the KSGA. See *State v. Waggoner*, 51 Kan. App. 2d 144, 155, 343 P.3d 530 (2015). He also argued that he is not a "serious violent offender" and that his efforts at rehabilitation would be better promoted by allowing him to return to the community sooner so he can more quickly work and receive treatment. Finally, Ford argues that reducing his prison sentence would help alleviate prison overcrowding.

Even if we were to find Ford's arguments persuasive, we cannot ignore the fact that he stipulated to violating the terms of his probation multiple times and the district court had already imposed the statutory intermediate sanctions required by K.S.A. 2018 Supp. 22-3716(c). Moreover, the district court initially departed from the presumed prison sentence and gave Ford an opportunity to avoid going to prison. Furthermore, the district court gave him multiple opportunities and attempted to design probation terms that would allow Ford to obtain substance abuse treatment.

Rather than take advantage of the opportunities that he was graciously given by the district court, Ford continued to violate the terms of probation multiple times and in multiple ways. We cannot find that no reasonable person would have made the decision to deny his request for a sentence modification. In fact, we applaud the district court for its patience and attempts to help Ford address his substance abuse problem. In addition, we do not find that the district court made an error of law or fact. Accordingly, we conclude that the district court did not abuse its discretion in denying Ford's request to impose a modified prison sentence of 68 months.

Affirmed.