NOT DESIGNATED FOR PUBLICATION

No. 119,526

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON N. LONG,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed June 28, 2019. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., MALONE and GARDNER, JJ.


PER CURIAM: The district court revoked Brandon N. Long's probation after various probation violations. He moved the court to modify his underlying sentence to have it run concurrently with his other pending case out of Wichita, but the district court denied that motion and imposed the original underlying sentence. Long appeals but we find no error.

1

*Factual and Procedural Background*

Long pleaded no contest to two counts of criminal threat and one count of violation of a protective order. Long agreed his criminal history score was B. At sentencing, the district court granted a downward dispositional departure and ordered Long to serve 12 months of probation with an underlying prison sentence of 20 months. The district court ordered that case to run consecutive to any other cases, including an ongoing case from Wichita.

Long was later arrested for probation violations. He waived his right to an evidentiary hearing on the violations and admitted to testing positive for THC and failing to attend drug and alcohol treatment in violation of his probation. The district court found that it was in Long's best interest to serve his underlying sentence, noting it was not required to impose intermediate sanctions because Long had been granted probation as a result of a dispositional departure.

Defense counsel moved the court to modify Long's sentence—either to allow it to run concurrent to his pending case or to impose two felony counts concurrent to one another rather than consecutive. The district court denied that motion. Long appeals.

*Discussion*

As a preliminary matter, the State argues that this issue is moot. After reading the briefs, we issued a show cause order. Long responded to our show cause order and argued that we should retain his case. We choose to reach the merits of Long's appeal.

Long does not argue that the district court abused its discretion in revoking his probation. Instead he claims that the district court abused its discretion by denying his request to run his prison sentence concurrent to his sentence in 16 CR 812. We review

this decision for an abuse of discretion. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655, *rev. denied* 307 Kan. 992 (2017). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Long argues that modifying his underlying sentence to allow his sentences to run concurrent would serve the purposes of the Kansas Sentencing Guidelines Act (KSGA). See *State v. Waggoner*, 51 Kan. App. 2d 144, 155, 343 P.3d 530 (2015); (citing *State v. Favela*, 259 Kan. 215, 233-34, 911 P.2d 792 [1996] and listing principles and legislative purposes of the KSGA). Long argues imposing a shorter prison sentence would have better served the purposes of the KSGA for two reasons: (1) a shorter prison sentence would allow him to return to the community more quickly, allowing him to receive social security disability benefits and to receive treatment to manage his Asperger Syndrome and deal with his "family-related stress;" and (2) a shorter prison sentence "would have better served the goal of reducing prison overcrowding." He argues that "no reasonable person would have denied defense counsel's request to run Mr. Long's prison sentence concurrent to his prison sentence in 16CR812" and thus that the district court abused its discretion when it imposed the original underlying sentence instead of a modified prison sentence.

We disagree. The district court did not abuse its discretion when it denied Long's request to run his sentence concurrent to his sentence in another case. Upon revoking probation, the district court can order the defendant serve the sentence originally imposed or any lesser sentence. K.S.A. 2018 Supp. 22-3716(c)(1)(E). The district court ordered Long serve the sentence originally imposed—it revoked Long's probation, denied his request to modify his sentence to allow it to run concurrent to his other case, and ordered him to serve his underlying sentence of 20 months consecutive to any other sentence. We believe other reasonable persons would have done the same. The district court did not

abuse its discretion in denying Long's request for a lesser sentence when it revoked his probation.

Affirmed.