NOT DESIGNATED FOR PUBLICATION

Nos. 113,956
113,958

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DALE M. DENNEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed August 5, 2016.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam:* Dale M. Denney appeals the denial of his motion to correct an illegal
sentence. Our review yields no reversible error, and we affirm.

*Denney received lengthy indeterminate sentences.*

In district court case No. 87-CR-944, Denney pled guilty to aggravated burglary
and rape. The court sentenced him to an indeterminate sentence of 3 to 10 years for

1

aggravated burglary and 5 to 20 years for rape. These sentences were later converted to a 36-month determinate sentence. Denney was paroled on July 10, 1992.

While on parole, in October 1992, Denney committed the crimes of aggravated criminal sodomy, aggravated sexual battery, and an aggravated weapons violation. The State brought these charges in district court case 93-CR-1343. Then, in July 1993, Denney committed additional counts of aggravated criminal sodomy, aggravated sexual battery, and an aggravated weapons violation. For these crimes, he was charged in district court case 93-CR-1268. Those cases were consolidated for trial, and a jury found Denney guilty of all counts.

In case 93-CR-1343, for his crimes committed before July 1993, Denney was sentenced to 36 years to life. He sought conversion of this sentence but that was denied. Our Supreme Court determined K.S.A. 1993 Supp. 22-3717(f) did not permit conversion. *State v. Denney*, 278 Kan. 643, 647, 101 P.3d 1257 (2004).

The district court did issue an advisory nunc pro tunc order showing what Denney's determinate sentence would have been under the guidelines but did not convert his sentence. See *State v. Denney*, No. 100,365, 2009 WL 1766242, *2 (Kan. App. 2009) (unpublished opinion). Denney has brought numerous appeals to the Kansas appellate courts. See *State v. Denney*, No. 110,336, 2015 WL 326432, *1 (Kan. App. 2015) (unpublished opinion).

We now turn to this case. In 2014, Denney filed motions alleging his sentences in cases 87-CR-944 and 93-CR-1343 were illegal under the holdings in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), and *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). The district court summarily denied these motions, and Denney appeals.

*Denney is not serving an illegal sentence.*

Courts may correct an illegal sentence at any time. K.S.A. 22-3504(1). An illegal sentence is (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. *Dickey*, 301 Kan. at 1034. Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

Denney committed the offense of aggravated burglary, a class C felony, contrary to K.S.A. 21-3716 in June 1987. The sentence authorized in K.S.A. 1986 Supp. 21-4501(c) for a class C felony was an indeterminate term of imprisonment "the minimum of which shall be fixed by the court at not less than three years nor more than five years and the maximum of which shall be fixed by the court at not less than 10 years nor more than 20 years." Denney was sentenced to imprisonment for a period of 3 to 10 years on the aggravated burglary charge.

Denney does not explain how his indeterminate sentence in case number 87-CR-944 was illegal. A point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Llamas*, 298 Kan. 246, 264, 311 P.3d 399 (2013). Denney previously challenged the legality of his indeterminate sentence, and his sentence was then converted to a 36-month determinate sentence in accordance with K.S.A. 1993 Supp. 22-3717(f)(2). He served that sentence on July 10, 1992. *Denney*, 278 Kan. at 645; *State v. Denney*, No. 105,681, 2012 WL 402012, *1 (Kan. App. 2012) (unpublished opinion).

Moreover, *Dickey* provides no basis for relief because he is not arguing that his 1987 aggravated burglary conviction was improperly counted as a person offense for criminal history purposes in a particular case. Rather, he wants a declaration that the prior

3

conviction cannot be counted as a person felony for future criminal history purposes. As a general rule, this court does not render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). But even if the court were to decide the issue, this is the subject of Denney's contemporaneous appeal. *Dickey* is not applicable because Denney was convicted of *aggravated* burglary, not burglary.

*We will not grant declaratory relief here.*

Denney contends that his indeterminate sentences in cases 87-CR-944 and 93-CR-1343 are illegal under *Murdock*, and he seeks a declaration that his convictions should be scored as nonperson felonies for criminal history purposes. Denney never explains how his sentences are illegal under *Murdock*. A point raised incidentally in a brief and not argued therein is deemed abandoned. *Llamas*, 298 Kan. at 264.

Denney has previously challenged the legality of his indeterminate sentences in cases 87-CR-944 and 93-CR-1343. As stated above, his sentence in 87-CR-944 was converted to a determinate sentence. And, our Supreme Court determined that his sentence in 93-CR-1343 was ineligible for conversion in *Denney*, 278 Kan. at 647.

To the extent that Denney challenges the legality of his sentence in case 87-CR-944, Denney served his sentence in that case and an appeal of that sentence is now moot. When a court corrects an illegal sentence, the defendant receives "full credit for time spent in custody under the sentence prior to correction." K.S.A. 22-3504. In Kansas, jail time credit "may only be applied to the time a defendant is held in custody on those charges for which the sentence was imposed." *State v. Denney*, No. 90,457, 2004 WL 1373160, *1 (Kan. App. 2004) (unpublished opinion). Any actual controversy over Denney's sentence in case 87-CR-944 has ended, and the only judgment that could be entered would be ineffectual for any purpose.

4

Denney also seeks a declaration that his convictions in cases 87-CR-844 and 93-CR-1343 are nonperson crimes under the ruling in *Murdock*. But *Murdock* provides no basis for relief in either case. *Murdock* never applied to Denny's sentences for his pre-guidelines 1987 and 1992 crimes. Kansas did not categorize crimes as person or nonperson until 1993 when the KSGA became effective. See *State v. Murdock*, 299 Kan. at 315.

Additionally, *Murdock* does not apply to Denney's prior crimes for criminal history purposes because Denney's prior convictions were in-state, not out-of-state. *State v. Waggoner*, 51 Kan. App. 2d 144, Syl. ¶ 1, 343 P.3d 530, *rev. denied* 303 Kan. ___ (2015). More importantly, *Murdock* was expressly overruled by our Supreme Court in *Keel*. 302 Kan. 560, Syl. ¶ 9. Denney does not argue that his prior crimes should be classified as nonperson under *Keel*.

Finally, Denney contends that his indeterminate sentence in case 93-CR-1343 became a determinate sentence per the district court's December 1, 2000, nunc pro tunc order. Denney has previously litigated this. The nunc pro tunc order did not convert his sentence. See *Denney*, 2009 WL 1766242, at *2.

Affirmed.