(881 P.2d 589)
No.. 70,573

STATE OF KANSAS, *Appellee*, v. GEORGE S. FIFER, *Appellant*.

Opinion filed September 30, 1994.

*J. Patrick Lawless, Jr.*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Debra A. Vermillion*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ROYSE, P.J., ELLIOTT, J., and TOM MALONE, District Judge, assigned.

MALONE, J.: George S. Fifer appeals the sentencing court's classification of attempted burglary of a dwelling as a person felony, for criminal history purposes, pursuant to the Kansas Sentencing Guidelines.

The facts of this case are not in dispute. Fifer pled guilty to two counts of felony theft in violation of K.S.A. 21-3701. He received a controlling sentence of two to five years. Fifer's crimes were committed prior to the effective date of the sentencing guidelines, but the sentencing did not take place until July 21, 1993. Therefore, pursuant to K.S.A. 1993 Supp. 21-4724, the district court imposed sentence under the guidelines as well as under the old law.

At sentencing, Fifer objected to the criminal history classification of one of his prior felonies. He claimed that his prior conviction of attempted burglary of a dwelling was incorrectly listed as a person felony. The district court disagreed and found that the prior attempted burglary of a dwelling should be classified as a person felony. Fifer then perfected this appeal.

This is a matter of first impression in Kansas. Both parties agree this is a question of statutory interpretation and thus a question of law, and this court's scope of review is unlimited. *State v. Williams*, 18 Kan. App. 2d 424, 425, 856 P.2d 158 (1993).

We are aware that in 1994 the legislature amended K.S.A. 1993 Supp. 21-4711 to read in relevant part, as follows:

"(g) A prior felony conviction of an attempt, a conspiracy or a solicitation as provided in K.S.A. 21-3301, 21-3302 or 21-3303 and amendments thereto, to commit a crime shall be treated as a person or nonperson crime in accordance with the designation assigned to the underlying crime." L. 1994, ch. 291, § 55.

This amendment is subsequent to Fifer's sentencing and does not affect his particular case. Furthermore, there is no evidence of the legislative intent of this amendment outside the language of the statute.

The criminal history classification of burglary is found at K.S.A. 1993 Supp. 21-4711(d), which reads as follows:

"Prior burglary adult convictions and juvenile adjudications will be scored for criminal history purposes as follows:

"(1) As a prior person felony if the prior conviction or adjudication was classified as burglary as described in subsection (a) of K.S.A. 21-3715 and amendments thereto.

"(2) As a prior nonperson felony if the prior conviction or adjudication was classified as a burglary as described in subsection (b) or (c) of K.S.A. 21-3715 and amendments thereto."

The statute, however, failed to address the criminal history classification of attempted burglary until the 1994 amendment.

The crux of Fifer's argument is that because the legislature did not expressly direct that an attempted burglary of a dwelling is a person felony, this court must strictly construe the statute against the State and find that an attempted burglary of a dwelling is a nonperson felony for criminal history purposes. The defendant correctly notes that K.S.A. 1993 Supp. 21-3301(e) states that an attempt to commit a Class A person misdemeanor is a Class B person misdemeanor and an attempt to commit a Class A nonperson misdemeanor is a Class B nonperson misdemeanor. Employing the maxim *expressio unius est exclusio alterius* (the inclusion of one thing implies the exclusion of another) by including language concerning attempted misdemeanors and remaining silent as to attempted felonies, it is arguable the legislature meant to apply a different rule to felony cases. See *State v. Luginbill*, 223 Kan. 15, 20, 574 P.2d 140 (1977).

The defendant's argument has merit. However,

"[t]he fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute, even though words, phrases, or clauses at some places in the statute must be omitted or inserted." *State v. Gonzales*, 255 Kan. 243, Syl. ¶ 2, 874 P.2d 612 (1994).

"In determining legislative intent, courts are not limited to a mere consideration of the language used but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested." 255 Kan. 243, Syl. ¶ 3.

In order to ascertain legislative intent, courts are not restricted to consider only isolated parts of an act but are required to consider and construe together all parts thereof *in pari materia*. The entire act should be construed according to its spirit and reason. 255 Kan. 243, Syl. ¶ 4.

While criminal statutes are generally strictly construed against the State, this principle is subordinate to the rule that judicial interpretations must be reasonable and sensible to effectuate the legislative design and the true intent of the legislature. *State v. Schlein*, 253 Kan. 205, Syl. ¶ 2, 854 P.2d 296 (1993). Also, the rule of *exclusio unius est exclusio alterius* should not be employed to override or defeat a contrary legislative intention. *State v. Luginbill*, 223 Kan. at 20. Finally, the legislature is presumed to intend that a statute be construed reasonably so as to avoid absurd or unreasonable results. *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992).

The sentencing guidelines are based on two controlling factors: crime severity and criminal history of the defendant. In scoring criminal history, a distinction is made between person crimes and nonperson crimes. Generally, person crimes are weighed more heavily than nonperson crimes. Kansas Sentencing Guidelines, Desk Reference Manual, p. 13 (1994); Coates, Summary of the Recommendations of the Sentencing Commission, p. 8 (Report to House Committee on Judiciary, March 16, 1992). Designation of a crime as person or nonperson depends upon the nature of the offense. Crimes which inflict, or could inflict, physical or emotional harm to another are generally designated as person crimes. Crimes which inflict, or could inflict, damage to property are generally designated as nonperson crimes. Kansas Sentencing Guidelines, Desk Reference Manual, p. 14 (1994).

A conviction of burglary of a dwelling is designated as a person crime. An attempt to commit burglary of a dwelling does not completely change the nature of the offense. Since an attempt to commit burglary of a dwelling inflicts, or could inflict, physical or emotional harm to another, it is logical to make such an attempt a person crime for criminal history purposes. Likewise, it is logical that an attempt to commit any crime should be designated person or nonperson depending on the designation assigned to the underlying crime. This is consistent with the manner of classifying crimes based upon the nature of the offense.

Probably the most compelling reason to adopt the State's argument is that to adopt the defendant's argument would mean

that attempted murder, attempted rape, and other similar crimes would be deemed nonperson felonies for criminal history purposes. We find this result to be clearly unreasonable and one which was never intended by the legislature.

We conclude that even prior to the 1994 amendment to K.S.A. 1993 Supp. 21-4711, the legislature intended that an attempt to commit a crime should be treated as a person or nonperson crime in accordance with the designation assigned to the underlying crime. Accordingly, we hold that the defendant's attempted burglary of a dwelling should be designated as a person felony for criminal history purposes under the guidelines.

Affirmed.