(922 P.2d 453)

No. 75,415

STATE OF KANSAS, *Appellee*, v. GLENN O. DAVIS, *Appellant*.

Opinion filed August 9, 1996.

*Mary D. Prewitt*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Debra S. Peterson*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before MARQUARDT, P.J., PIERRON and ROYSE, JJ.

PIERRON, J.: Glenn O. Davis appeals from the district court's imposition of sentence. He argues the district court erred in calculating his criminal history score as A rather than B. We affirm.

Davis pled guilty to one count of aggravated indecent liberties with a child, a severity level 3 offense. Prior to sentencing, Davis filed a challenge to the criminal history as set forth in the presentence investigation report. Specifically, he challenged the inclusion of two person misdemeanors from 1964 and 1966. The inclusion of those crimes raised Davis' criminal history score from B to A.

At sentencing, Davis challenged the 1966 conviction of giving liquor to a person under the age of 21. The State produced a journal entry for that conviction which Davis alleged was difficult to understand. The gist of his challenge appeared to be that the offense was improperly scored as a person misdemeanor rather than a nonperson misdemeanor. He did not challenge the other misdemeanor conviction. Davis did not include the journal entries of the prior convictions in the record on appeal.

The district court denied Davis' challenge to the criminal history score and both parties' motions for departure sentences. Davis was sentenced to 194 months' incarceration, which fell within the presumptive range for a severity level 3 offense with a criminal history score of A. Davis has requested that we resolve his appeal by summary disposition without briefing pursuant to K.S.A. 21-4721(g) and (h).

Davis contends the district court erred by including the 1964 and 1966 misdemeanor convictions without requiring the State to show proof of identity. He had the opportunity to review the journal entries of those convictions and raise the identity issue before the district court, but failed to do so. " 'A point not raised in the trial court cannot be raised for the first time on appeal.' " *State v. Solomon*, 257 Kan. 212, 222, 891 P.2d 407 (1995) (quoting *State v. McDaniel*, 255 Kan. 756, 765-66, 877 P.2d 961 [1994]).

Davis also contends the district court erred in treating his 1964 conviction of furnishing liquor to person under the age of 21 as a person misdemeanor. He argues the State should have provided more proof to establish the person/nonperson classification. Davis failed to establish, however, what proof was lacking, and the journal entry reflecting this conviction was not included in the record on appeal.

Under the Kansas Sentencing Guidelines Act, a defendant's criminal history score includes "convictions and adjudications for violations of municipal ordinances or county resolutions which are comparable to any crime classified under the state law of Kansas as a person misdemeanor." K.S.A. 21-4710(a). Under current state statutes, furnishing alcoholic liquor to a minor is classified as a class B person misdemeanor. K.S.A. 21-3610(b). Furnishing any cereal malt beverage to a minor is also a class B person misdemeanor. K.S.A. 21-3610a(b). Classifying such offenses as person offenses is consistent with the general design of the guidelines, which include as person crimes those "[c]rimes which inflict, or could inflict, physical or emotional harm to another." *State v. Fifer*, 20 Kan. App. 2d 12, 15, 881 P.2d 589, *rev. denied* 256 Kan. 996 (1994).

For these reasons, the district court did not err in accepting the presentence investigation report which classified Davis' prior mu-

nicipal conviction of furnishing liquor to a person under the age of 21 as a person misdemeanor for criminal history purposes. This conviction, when combined with Davis' two adult convictions for person felonies, one adult conviction for a nonperson felony, and two other adult convictions for person misdemeanors, resulted in a criminal history score of A. See K.S.A. 21-4709; K.S.A. 21-4711(a).

Affirmed.