(303 P.3d 716)
Nos. 107,836
107,837

STATE OF KANSAS, *Appellee*, v. BENJAMIN SMITH, *Appellant*.

Opinion filed June 7, 2013.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Jeffery S. Adam*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL, J., and KNUDSON, S.J.

KNUDSON, J.: Benjamin Smith appeals the district court's denial of his motion for modification or correction of sentence. Smith claims: (1) His pre-1993 convictions for aggravated burglary and robbery were improperly classified as person felonies, and (2) his constitutional rights were violated when the district court increased his sentence based upon his prior criminal history when that history was not proven to a jury beyond a reasonable doubt. We do not find either issue to have merit.

The relevant facts are not in dispute. On February 9, 2009, Benjamin Smith pled guilty in Saline County case No. 2009-CR-74 to misdemeanor theft and three counts of forgery. On April 13, 2009, the district court sentenced him to a controlling sentence of 24 months' probation, with an underlying prison term of 19 months.

On August 10, 2010, Smith pled guilty in Saline County case No. 2010-CR-389 to possession of cocaine. On October 11, 2010, the district court sentenced him to 12 months' probation, with an un-

derlying prison term of 34 months. The district court ordered the sentence to run consecutive to the sentence imposed in 2009-CR-74.

On August 22, 2011, Smith pled guilty in Saline County case No. 2011-CR-170 to eight counts of forgery and four counts of theft by deception. On October 28, 2011, the district court sentenced Smith to a controlling sentence of 27 months' imprisonment, with 12 months' postrelease supervision. On the same day, the district found that Smith's convictions in 2011-CR-170 constituted violations of his probation in his other cases. The district court revoked Smith's probation in his other cases and ordered him to serve the underlying sentences in each.

On September 30, 2011, before sentencing in 2011-CR-170, Smith had filed a motion for modification or correction of sentence. On October 18, 2011, Smith filed an amended motion for modification or correction of sentence; this appears to be the controlling motion in this case. Smith argued that the district court erred in 2010-CR-389 and 2009-CR-74 by classifying his 1982 convictions for aggravated burglary and robbery as person felonies, rather than nonperson felonies, when calculating his criminal history score. Smith asserted that had the district court correctly classified his 1982 convictions as nonperson felonies, his criminal history score in those cases would have been E rather than B. The district court denied Smith's motion.

Smith first challenges the district court's classification of his pre-Guidelines convictions for aggravated burglary and robbery as person crimes because the "plain language of K.S.A. [2010 Supp.] 21-4710(d)(8) requires that Mr. Smith's pre-1993 convictions, which are unclassified with regards to being person or nonperson crimes, be treated as nonperson crimes." Smith contends that had the district court properly classified his pre-Guidelines convictions as nonperson crimes, his criminal history score would have been E rather than B. He requests that this court remand his case for resentencing with the correct criminal history score.

The classification of prior convictions is a question of law over which this court has unlimited review. *State v. Barajas*, 43 Kan. App. 2d 639, 642, 230 P.3d 784 (2010). Likewise, this court has de

novo review when interpreting sentencing statutes. *State v. Jolly*, 291 Kan. 842, 845-46, 249 P.3d 421 (2011).

Smith's argument is based on K.S.A. 2010 Supp. 21-4710(d)(8), which states: "Unless otherwise provided by law, unclassified felonies and misdemeanors, shall be considered and scored as nonperson crimes for the purpose of determining criminal history." Smith claims that because his convictions for aggravated burglary and robbery were committed before Kansas began classifying crimes as person or nonperson on July 1, 1993 (the effective date of the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et seq.*), his convictions are considered "unclassified" crimes, which must be scored as nonperson crimes for criminal history purposes under K.S.A. 2010 Supp. 21-4710(d)(8).

As Smith concedes, the Court of Appeals has rejected his argument. In *State v. Henderson*, No. 100,371, 2009 WL 2948657 (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1099 (2010), the defendant argued his 1975 juvenile adjudication for aggravated indecent solicitation had to be treated as a nonperson offense pursuant to K.S.A. 21-4710(d)(8) for the same reasons Smith asserts here—that there was no nonperson/person distinction before 1993. The *Henderson* panel rejected this argument, stating that Kansas courts have routinely classified pre-Guidelines convictions as either person or nonperson crimes for criminal history purposes by comparing the offense to the classification now in effect. 2009 WL 2948657, at *3.

Smith directs this court to *State v. Boster*, No. 101,009, 2009 WL 3738490 (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1096 (2010). However, the *Boster* panel rejected the same argument. Both *Henderson* and *Boster* held that the result advocated for by Smith would be inconsistent with the general design of the Guidelines. Namely, violent crimes would be classified as nonperson offenses for purposes of calculating criminal scores, so long as the crime in question was committed before 1993. See *Boster*, 2009 WL 3738490, at *4; *Henderson* 2009 WL 2948657, at *3.

In numerous other unpublished opinions, the Court of Appeals has followed the rationale in *Henderson* and *Boster*. See *State v.*

*Luarks*, No. 106,643, 2012 WL 6634395, at *8 (Kan. App. 2012) (unpublished opinion) ("We agree with *Henderson* and its progeny."), *petition for rev. filed* January 11, 2013; see also *State v. Sigley*, 105,687, 2012 WL 924813, at *1 (Kan. App. 2012) (unpublished opinion) ("We have no hesitation in adopting and applying the rule of these cases."); *State v. Murdock*, No. 104,533, 2011 WL 4031550, at *3 (Kan. App. 2011) (unpublished opinion) ("We also agree with the reasoning in *Boster* and *Henderson* that the general rule of strict construction of criminal statutes in favor of the accused must give way to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent."), *rev. granted* 294 Kan. 946 (2012).

The appellate courts of Kansas have consistently classified pre-1993 offenses as either person or nonperson offenses for criminal history purposes by comparing the offenses to current guidelines offenses. See, *e.g., State v. Davis*, 22 Kan. App. 2d 776, 777, 922 P.2d 453, *rev. denied* 260 Kan. 997 (1996) (1996 conviction of furnishing liquor to a minor classified as class B person misdemeanor); *cf. Farris v. McKune*, 259 Kan. 181, 185-86, 911 P.2d 177 (1996) (converting pre-Guidelines sentences by comparing defendant's crime to the analogous crime existing after July 1, 1993).

Smith's aggravated burglary conviction would be classified as a person crime if compared to the current offense of aggravated burglary found in K.S.A. 21-3716 (now codified at K.S.A. 2012 Supp. 21-5807[c][2]). Similarly, Smith's robbery conviction would be classified as a person crime if compared to the current offense of robbery found in K.S.A. 21-3426 (now codified at K.S.A. 2012 Supp. 21-5420[c][1]). Neither of these offenses has substantially changed from the pre-Guidelines versions of the statutes.

We conclude Smith has provided no persuasive reasons for this court to depart from its long held view that pre-Guidelines offenses may be classified as person offenses if the analogous statute now in effect is classified as a person crime. Accordingly, we affirm the district court's classification of Smith's prior convictions for aggravated burglary and robbery as person felonies.

Smith next challenges the district court's use of his prior convictions as reflected in his criminal history score to enhance his sen-

tence based on the due process concerns of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Smith acknowledges that our Supreme Court has rejected his argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), but raises the issue to preserve it for federal review.

This court is duty bound to follow Kansas Supreme Court precedence absent some indication that the court is departing from its previous position. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012). Our Supreme Court has given no such indication. See *State v. Benson*, 295 Kan. 1061, 1068, 287 P.3d 927 (2012) (affirming *Ivory*). Accordingly, we conclude the district court did not violate Smith's constitutional rights at sentencing.

For the reasons stated in this opinion, we hold the district court did not err in denying Smith's motion for modification or correction of sentence.

Affirmed.