NOT DESIGNATED FOR PUBLICATION

No. 119,241

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BILLY J. BAERT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed September 20, 2019. Affirmed.

*Charles A. O'Hara* and *Kevin J. Zolotor*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: This is Billy J. Baert's second appeal to this court from the district court's ruling on his motion to correct an illegal sentence. Previously, we remanded this case for resentencing. On remand, the district court reevaluated Baert's criminal history score based on a new presentence investigation report (PSI) and determined that he had a criminal history score of A. In this appeal, Baert argues the district court erred in several ways at resentencing. We conclude that the district court properly classified Baert's prior out-of-state and federal convictions as person felonies for criminal history purposes. As a result, we do not find that his sentence is illegal and we affirm the district court.

1

On December 9, 1998, a jury convicted Baert of aggravated kidnapping, aggravated burglary, aggravated criminal sodomy, rape, two counts of criminal threat, battery, and domestic battery. On January 13, 1999, after finding that Baert had a criminal history score of A, the district court sentenced him to serve 776 months in prison.

On July 8, 2014, Baert filed a pro se motion to correct illegal sentence under K.S.A. 22-3504. After the district court essentially denied his motion, Baert appealed to this court. On December 9, 2015, this court issued an order summarily reversing the district court's ruling and remanding the case for resentencing consistent with *State v. Dickey* (*Dickey I*), 301 Kan. 1018, 350 P.3d 1054 (2015) (a district court is constitutionally prohibited from classifying a defendant's prior juvenile adjudications for burglary as person felonies). The State filed a petition for review, which was denied on February 7, 2017, and a mandate was issued.

On remand, a new presentence investigation report (PSI) was prepared, which again calculated his criminal history score as A. Baert filed an objection because his two federal convictions for bank robbery had previously been scored as nonperson felonies and were now being classified as person felonies in the new PSI. As a result, Baert argued that his criminal history score should actually be C. Subsequently, Baert filed a second objection to his criminal history score. Among other things, Baert pointed to his prior Colorado convictions for burglary as improperly scored as person crimes. This time, Baert argued that his criminal history score should be E.

At resentencing, Baert argued that the 1990 Colorado convictions and the 1990 federal convictions should be scored as nonperson felonies. In particular, Baert argued: (1) the Colorado burglary statute (Colo. Rev. Stat. § 18-4-203 [1986]) differed from the

Kansas burglary statute (K.S.A. 21-3715) because the Colorado statute did not restrict a conviction to burglary of a dwelling; and (2) the federal bank robbery statute (18 U.S.C. § 2113[a] [1988]) differed from the Kansas robbery statute (K.S.A. 21-3426) because it can be completed "by larceny when you enter" and outside of the presence of another person.

Relying on *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), the district court scored the Colorado burglary convictions and the federal bank robbery convictions as person felonies, resulting in a criminal history score of A. Ultimately, the district court recalculated his criminal history score as A and sentenced him to 776 months in prison. Baert appealed from his sentence.

After the filing of the briefs in this case, the Kansas Supreme Court filed opinions in *State v. Murdock* (*Murdock II*), 309 Kan. 585, 439 P.3d 307 (2019), *State v. Newton*, 309 Kan. 1070, 442 P.3d 489 (2019), and *State v. Weber*, 309 Kan. 1203, 442 P.3d 1044 (2019). On July 24, 2019, we provided the parties with the opportunity to submit supplemental briefing in light of these decisions. Baert submitted a supplemental brief essentially arguing that his sentence was illegal because the sentencing court did not have the authority to reclassify some of his convictions as person felonies. In the State's supplemental brief, it argued that under *Murdock*, *Newton*, and *Weber*, the legality of Baert's sentence must be evaluated based on the law as it existed at the time he was originally sentenced, including only changes in law that occurred prior to his sentence becoming final in September 2000.

3

*Potential Procedural Bars*

At the outset, we note that both parties claim there are procedural bars that should prevent us from reaching the merits in this appeal. On the one hand, Baert argues the State agreed to the classification of his Colorado and federal crimes as nonperson felonies at the 2014 sentencing hearing and cannot now argue otherwise. On the other hand, the State argues that we should not reach the merits because Baert improperly briefed the issues. We disagree with both parties and find that it is best to resolve the issues presented on the merits.

K.S.A. 2018 Supp. 22-3504(1) provides that a court may correct an illegal sentence at any time. The Kansas Supreme Court has defined an illegal sentence as: (1) a sentence imposed by the court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018); see K.S.A. 2018 Supp. 22-3504(3). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we exercise unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Our Supreme Court has also found that parties cannot agree upon or stipulate to an illegal sentence, nor can a party be bound to a requested illegal sentence through the invited error doctrine. *State v. Lehman*, 308 Kan. 1089, Syl. ¶¶ 1-2, 427 P.3d 840 (2018). Furthermore, res judicata cannot serve as a procedural bar in the context of a motion to correct an illegal sentence as such a motion can be made at any time under K.S.A. 2018 Supp. 22-3504(1). *State v. Dickey*, 305 Kan. 217, 222, 380 P.3d 230 (2016) (*Dickey II*). "[T]he 'at any time' language of K.S.A. 22-3504(1) permits a party to advance a

successive motion to correct an illegal sentence premised on developments in the law that show the earlier determination was wrong on the merits." *Murdock II*, 309 Kan. at 592.

We find Baert's reliance on *State v. Guder*, 293 Kan. 763, 267 P.3d 751 (2012), to be misplaced. In *Guder*, the Kansas Supreme Court held the district court lacked authority to modify a sentence on remand. 293 Kan. at 767. *Guder* did not involve an illegal sentence based on a challenge to the defendant's criminal history score, which can be corrected at any time. Thus, we reject Baert's claim that the district court was prohibited from revisiting the classification of the out-of-state and federal convictions.

Turning to the State's procedural arguments, we agree that a point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). In addition, we agree that failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Pewenofkit*, 307 Kan. 730, 731, 415 P.3d 398 (2018). Here, we find that Baert has made an adequate challenge to the district court's classification of his Colorado burglary convictions as well as his federal bank robbery convictions as person felonies. Thus, we do not find that the issue has been waived or abandoned.

The State also argues that the 2017 amendment to K.S.A. 22-3504(3) precludes Baert from obtaining relief because the amendment applies retroactively to prohibit the court's correction of illegal sentences resulting from changes in the law that occur after a defendant is sentenced. This issue involves an interpretation of a statute that is a question of law over which we have unlimited review. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018).

The 2017 amendment states: "A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2018 Supp. 22-

3504(3). However, we note that the Kansas Legislature has amended the relevant portion of K.S.A. 22-3504(3) yet again. Senate Bill 18 took effect upon publication in the Kansas Register on May 23, 2019. L. 2019, ch. 59, § 15. The statute now reads:

"(a) The court may correct an illegal sentence at any time while the defendant is serving such sentence. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. Unless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief, the defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence.

"(b) Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

"(c) For the purposes of this section:

(1) 'Illegal sentence' means a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced.

(2) 'Change in the law' means a statutory change or an opinion by an appellate court of the state of Kansas, unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction.

"(d) The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." L. 2019, ch. 59, § 15.

Our Legislature has specifically stated that section 15 of Senate Bill 18 applies retroactively. It also clarified that a change in the law encompasses opinions "by an appellate court of the state of Kansas, unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction." As such, our Legislature has clearly indicated that a sentence that is legal when pronounced does not become illegal due to a change in the law. As such, we review this case in light of these principles.

6

*Colorado Burglary Convictions*

Baert contends that his sentence is illegal because the district court erroneously classified his two 1990 Colorado convictions for second-degree burglary under Colo. Rev. Stat. § 18-4-203 (1986) as person felonies. He argues that the Colorado statute "is broader" because the Colorado statute has different elements covering intent and the types of structures that can be entered into to support the charge. Baert argues that the district court should have classified his Colorado convictions as nonperson felonies, and he asks us to remand for resentencing with an amended criminal history score.

The question of whether a district court has properly classified a prior conviction as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2018 Supp. 21-6801 et seq. Interpretation of a sentencing statute is a question of law over which we exercise unlimited review. *Warren*, 307 Kan. at 612. Whether the district court properly classified a defendant's prior conviction for criminal history purposes is a question of law subject to our unlimited review. *Dickey I*, 301 Kan. 1018, Syl. ¶ 5.

The criminal history worksheet portion of Baert's PSI includes two 1990 convictions for second-degree burglary under Colo. Rev. Stat. § 18-4-203. When classifying an out-of-state conviction, the first step is to determine whether the convicting jurisdiction makes the prior conviction a felony or misdemeanor. See K.S.A. 2018 Supp. 21-6811(e)(2). The parties do not dispute that Colo. Rev. Stat. § 18-4-203 (1986) is a felony under Colorado law.

The second step of the analysis is to look at the "comparable" Kansas crime to determine whether the district court should have classified the conviction as a person or nonperson offense. See K.S.A. 2018 Supp. 21-6811(e)(3). Specific to prior burglary

7

convictions, K.S.A. 2018 Supp. 21-6811(d) scores those of dwellings as person offenses, whereas those of nondwellings are nonperson offenses.

Of note, the Kansas Legislature amended K.S.A. 21-6811. L. 2019, ch. 59, § 13. However, the Legislature did not express any intent that the 2019 amendment to this section shall be construed and applied retroactively. In addition, neither party here has argued that the 2019 amendment to K.S.A. 21-6811 applies to Baert's case, so we will not address the amendment in this opinion.

Our Supreme Court has recently filed three opinions clarifying the crucial question of which law applies when a defendant has challenged his or her sentence as illegal. See *Murdock II*, 309 Kan. 585, *Newton*, 309 Kan. 1070, and *Weber*, 309 Kan. 1203. We have reviewed the guidance provided in these decisions in reaching our conclusion in this case.

In *Murdock II*, our Supreme Court held that a criminal sentence's legality is judged by the law at the time it was pronounced. The court explained:

"The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." 309 Kan. at 591.

Soon after the holding in *Murdock II*, the Kansas Supreme Court decided *Newton*, 309 Kan. 1070. In *Newton*, the defendant challenged the classification of a 1977 California robbery conviction as a person felony. Our Supreme Court relied on its holding in *Murdock II* and held that the legality of a sentence is controlled by the law in effect at the time the sentence was pronounced. 309 Kan. at 1073. One week later, our Supreme Court decided *Weber*, 309 Kan. 1203. In *Weber*, the defendant argued that his 1976 and 1979 Michigan convictions were not person felonies. Once again, our Supreme

8

Court reiterated that the law in effect at the time the sentence was pronounced controls. Since Weber's sentence was legal at the time of sentencing, subsequent changes in the law did not render his sentence illegal. 309 Kan. at 1209.

In his supplemental brief, Baert asserts that the procedural history of this case distinguishes it from a typical motion to correct an illegal sentence because he had been resentenced in 2014, and the classification of some of the convictions were not challenged on appeal. He also notes that the State agreed that some of the charges should be classified as nonperson offenses. As previously noted, parties cannot agree upon or stipulate to an illegal sentence, nor can a party be bound to a requested illegal sentence through the invited error doctrine. *Lehman*, 308 Kan. 1089, Syl. ¶¶ 1-2. In *Murdock II*, this court unequivocally held that the law in effect at the time the sentence was pronounced controls. Thus, we will evaluate the legality of Baert's sentence under the law in effect at the time his sentence was imposed.

We now turn to the merits of Baert's arguments. Baert was sentenced on January 13, 1999. Therefore, we must determine whether Baert's sentence was legal under Kansas law in existence at that time. See *Murdock II*, 309 Kan. at 591.

At the time of Baert's offense, the KSGA provided:

> "(e) Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson *comparable offenses shall be referred to*. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime. Convictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal, or military courts are considered out-of-state

9

convictions or adjudications. The facts required to classify out-of-state adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence." (Emphasis added.) K.S.A. 21-4711(e).

When Baert's sentence was pronounced, prior out-of-state crimes did not need to be identical to the comparable Kansas crimes in order to be classified as person offenses. See *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003); *State v. Davis*, 22 Kan. App. 2d 776, 777, 922 P.2d 453 (1996). Under *Vandervort*, the offenses "need only be comparable, not identical," and the comparable Kansas offense was "the closest approximation" to the out-of-state offense. 276 Kan. at 179. A panel of this court interpreted "comparable" to mean "similar in nature and cover a similar type of criminal conduct." *State v. Barajas*, 43 Kan. App. 2d 639, Syl. ¶ 2, 230 P.3d 784 (2010).

Under the Colorado statute forming the basis of Baert's 1990 Colorado burglary conviction, Colo. Rev. Stat. § 18-4-203 (1986) provided that:

"(1) A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property.
"(2) Second degree burglary is a class 4 felony, but it is a class 3 felony if:
(a) It is a burglary of a dwelling; or
(b) It is a burglary, the objective of which is the theft of a controlled substance, as defined in section 12-22-303(7), C.R.S., lawfully kept within any building or occupied structure."

Colo. Rev. Stat. § 18-4-101 (1986) is also relevant to this appeal. This statute provided in part:

"(1) 'Building' means a structure which has the capacity to contain, and is designed for the shelter of, man, animals, or property, and includes a ship, trailer, sleeping car, airplane, or other vehicle or place adopted for overnight accommodations of

10

persons or animals, or for carrying on of business therein, whether or not a person or animal is actually present.

"(2) 'Occupied structure' means any area, place, facility or enclosure which, for particular purposes, may be used by persons or animals upon occasion, whether or not included within the definition of 'building' in subsection (1) of this section . . . ."

Here, the Kansas burglary statute in effect at the time of his convictions, K.S.A. 21-3715(a), provided that the building entered into to support such a conviction must be a dwelling. Burglary of a dwelling was a person crime in Kansas in 1998. See K.S.A. 21-3715(a). The Colorado statute, Colo. Rev. Stat. § 18-4-203 (1986), provides that second degree burglary is a class 3 felony if the burglary is a dwelling or if the objective of the burglary "is the theft of a controlled substance, as defined in section 12-22-303(7), C.R.S., lawfully kept within any building or occupied structure."

Because this statute is divisible and under the law in effect at the time Baert was sentenced, Kansas courts are allowed to

"examine a limited class of documents to determine 'which of a statute's alternative elements formed the basis of the defendant's prior conviction.' [Citation omitted.] Such documents include charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial." *Dickey I*, 301 Kan. at 1038.

See *State v. Obregon*, 309 Kan. 1267, 1274, 444 P.3d 331 (2019) (when a statute is divisible, court may look to a limited class of documents to determine which of a statute's alternative elements formed the basis of the conviction).

The journal entry of judgment memorializing Baert's Colorado convictions indicates that his convictions were class 3 felonies. Under K.S.A. 1998 Supp. 21-4711(d), in order to determine the person or nonperson classification, we must determine if the documents support a finding that Baert's class 3 felony convictions fell under Colo. Rev.

Stat. § 18-4-203(2)(a) (1986)—involving the burglary of a dwelling—rather than under Colo. Rev. Stat. § 18-4-203(2)(b) (1986). The available charging documents show that Baert was charged with burglarizing the "dwelling and occupied structure" of his victims. From the information provided in these documents, we conclude that the Colorado burglary statute and the Kansas burglary statute define crimes that are similar in nature and cover a similar type of criminal conduct.

Accordingly, we find Baert's Colorado convictions are comparable to burglary under K.S.A. 21-3714(a), as both crimes involve the burglary of a building identified as a dwelling. As such, the district court properly treated Baert's prior Colorado burglary convictions as person felonies for the purpose of calculating his criminal history score.

*Federal Bank Robbery Convictions*

Finally, Baert contends that his sentence is illegal because the district court erroneously classified his two 1990 federal convictions for bank robbery under 18 U.S.C. § 2113(a) as person felonies. He contends that the federal statute is broader than the comparable Kansas statute of robbery. Baert contends that the district court should have classified his federal convictions as nonperson felonies, and he asks us to remand for resentencing with an amended criminal history score.

The criminal history worksheet portion of Baert's PSI includes two 1990 convictions for bank robbery. See 18 U.S.C. § 2113(a). K.S.A. 2018 Supp. 21-6811(e)(4) provides that convictions occurring within the federal system are considered out-of-state convictions for classification purposes. When classifying an out-of-state conviction, the first step is to determine whether the convicting jurisdiction makes the prior conviction a felony or misdemeanor. See K.S.A. 2018 Supp. 21-6811(e)(2). The parties do not dispute that 18 U.S.C. § 2113(a) is a felony under federal law.

12

The second step of the analysis is to look at the "comparable" Kansas crime to determine whether the district court should have classified the conviction as a person or nonperson offense. See K.S.A. 2018 Supp. 21-6811(e)(3). We make this determination by looking for a comparable offense at the time the defendant committed the crime of conviction. See *Keel*, 302 Kan. at 589-90. Here, the State claims that 18 U.S.C. § 2113(a) is comparable to K.S.A. 21-3426 (now K.S.A. 2018 Supp. 21-5420[a]).

At the time of the defendant's prior convictions for bank robbery in federal court, the crime was defined as:

"(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other things of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

"Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both." 18 U.S.C. § 2113(a) (1988).

The first section of 18 U.S.C. § 2113(a) contains two separate crimes of bank robbery and bank extortion. The second section contains a third variant, i.e., the entry into a bank with the intent to commit larceny or a felony.

The Kansas robbery statute in effect at the time of his convictions, K.S.A. 21-3426, defined robbery as "the taking of property from the person or presence of another

13

by force or by threat of bodily harm to any person." Robbery was a person crime in Kansas in 1998. See K.S.A. 21-3426.

As previously noted, the statute is divisible, so the court is permitted to look at a limited class of documents to determine which of the statute's alternative elements formed the basis for Baert's convictions. Those documents indicate that Baert pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). The charging documents indicate that Baert took money from the person or presence of employees of the bank "by force and violence, and or by intimidation."

All of Baert's arguments are based on the fact that the federal bank robbery statute is broader than the Kansas burglary statute. But under the applicable comparability test as set forth in *Vandervort*, the offenses need only be comparable, not identical. 276 Kan. at 179. The federal bank robbery statute and the Kansas burglary statute define crimes that are similar in nature and cover a similar type of criminal conduct. Thus, we find that the federal bank robbery statute is comparable to the Kansas crime of robbery. Accordingly, the district court properly scored Baert's federal bank robbery convictions as person felonies.

CONCLUSION

The legality of a sentence under K.S.A. 2018 Supp. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. See *Murdock II*, 309 Kan. at 591. For the reasons stated above, we affirm Baert's sentence, finding that Baert's criminal history contained no less than five person felonies and was properly categorized as a criminal history score of A. Baert's resulting sentence was not illegal. Thus, we affirm the district court.

Affirmed.