NOT DESIGNATED FOR PUBLICATION

No. 123,273

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH LEE ALLEN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed August 27, 2021.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., HILL and ISHERWOOD, JJ.


PER CURIAM: Joseph Lee Allen appeals from the denial of his pro se motion to correct an illegal sentence. A trial court sentenced Allen in 2008 after a jury found him guilty of attempted first-degree murder and criminal possession of a firearm. Allen now argues that his sentence is illegal because the trial court improperly classified his 1983 conviction for battery of a law enforcement officer as a person misdemeanor which yielded an erroneous criminal history score. We find the trial court's classification of the 1983 conviction as a person misdemeanor was proper and affirm its denial of Allen's motion to correct an illegal sentence.

1

In February 2006, Allen shot Wayne Brandon Jr. in the abdomen. Shortly before Brandon lost consciousness, he identified Allen as the shooter to police. In November 2006, a jury found Allen guilty of attempted first-degree murder and criminal possession of a firearm.

The district court sentenced Allen in September 2008, at which time it found that he had a B criminal history score. Allen's criminal history included a person felony from 2000 and the aggregation of three prior person misdemeanors, including a 1983 conviction for battery of a law enforcement officer. The court imposed a sentence of 586 months in prison for attempted murder, concurrent with 8 months in prison for criminal possession of a firearm.

Allen pursued a direct appeal, and this court remanded his case to the trial court with directions to conduct a hearing under *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986), and evaluate Allen's claim of ineffective assistance of counsel. *State v. Allen*, No. 101,367, 2010 WL 3636269 (Kan. App. 2010) (unpublished opinion) (*Allen I*). After the *Van Cleave* proceeding, the trial court denied Allen's ineffective assistance of counsel claims and this court affirmed. *State v. Allen*, No. 110,353, 2014 WL 6775823 (Kan. App. 2014) (unpublished opinion) (*Allen II*).

While *Allen II* was pending before this court, Allen moved the trial court to correct what Allen thought to be an illegal sentence. Allen claimed that his criminal history score should have been C rather than B because the district court incorrectly classified his 1983 misdemeanor conviction for battery against a law enforcement officer as a person crime, leading to the higher score. Following a hearing, the trial court denied Allen's motion and this court summarily affirmed under Supreme Court Rule 7.041 (2015 Kan. Ct. R. Annot.

2

67) and *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015) (overruling *Murdock I*). Our Supreme Court denied review.

In October 2019, Allen again moved the trial court to correct an illegal sentence. Allen argued that *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*), should be applied to enable him to derive the benefit from *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*Murdock I*), without incurring the detriment of *Keel*, which overruled *Murdock I*. The trial court summarily denied his motion. Allen now appeals to this court for resolution of the claim.

ANALYSIS

DID THE TRIAL COURT ERR IN DENYING ALLEN'S MOTION TO CORRECT AN ILLEGAL SENTENCE?

Allen argues that misdemeanor battery of a law enforcement officer was not considered a person misdemeanor in 1983 because Kansas did not begin assigning the person/nonperson distinctions until 1993. Thus, according to Allen, that misdemeanor conviction in his criminal history qualifies as a nonperson crime because under K.S.A. 21-4710(d)(8), unclassified crimes default to a nonperson classification. The State responds that Allen is stuck with the law in effect when the court imposed his sentence and, at that time, "designation of a Kansas crime as person or nonperson depend[ed] on the nature of the offense." *State v. Fifer*, 20 Kan. App. 2d 12, 15, 881 P.2d 589 (1994). The State offers the corresponding argument that the nature of Allen's battery conviction reveals it falls under the classification of a person crime, given that battery inflicts or could inflict physical or emotional harm to another.

Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). When a trial court summarily denies a motion to correct an illegal

sentence, the appellate court applies a de novo standard of review because the appellate court has the same access to the motion, records, and files as the trial court. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018).

A sentence is illegal under K.S.A. 2020 Supp. 22-3504(c)(1) when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). The illegal sentence statute, however, has minimal applicability. *Alford*, 308 Kan. at 1338. A change in the law that occurs after the sentence is pronounced and after any direct appeal concludes does not render that sentence illegal. K.S.A. 2020 Supp. 22-3504(c)(2).

A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 2020 Supp. 22-3504(a). A defendant who stipulates to his or her criminal history at sentencing cannot later challenge the existence of convictions listed in that criminal history, but he or she may later claim that the sentence was illegal because the person or nonperson classification of a prior conviction was incorrect. *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015).

The law in effect when the court pronounces an offender's sentence determines the legality of such sentence under K.S.A. 2020 Supp. 22-3504. *Murdock II*, 309 Kan. at 591. Thus, neither the defendant nor the State can rely on later changes in the law for a motion to correct an illegal sentence. This rule does not affect the longstanding rule that "a defendant will receive the benefit of any change in the law that occurs while the direct appeal is pending." 309 Kan. at 591.

Allen claims that his criminal history score is incorrect because three of his prior misdemeanors were erroneously aggregated into one person felony. Under K.S.A. 21-

4711(a) every three prior adult convictions of class A and class B person misdemeanors must be rated as one adult conviction of a person felony. Allen argues that the aggregation which occurred in his case is incorrect because his prior misdemeanor convictions consisted of one nonperson and two person offenses, rather than three person misdemeanors. He asserts that the one nonperson misdemeanor is his 1983 conviction for battery against a law enforcement officer. The provision in effect when Allen committed that offense, K.S.A. 21-3413 (Weeks 1974), stated the following: "Battery against a law enforcement officer is a class A misdemeanor." The statute did not specify whether it was a person or nonperson offense. In 1993, Kansas enacted the Kansas Sentencing Guidelines Act (KSGA), which adopted the classifications of person and nonperson crimes. *State v. McAlister*, 310 Kan. 86, 89, 444 P.3d 923 (2019).

"The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law." *Murdock II*, 309 Kan. at 591. Thus, Allen's sentence is legal if his criminal history score is in alignment with the law in effect on September 19, 2008, when pronouncement of sentence occurred in the current case.

Allen's 1983 conviction was properly classified as a person misdemeanor by the sentencing court in accordance with the relevant law when it imposed Allen's sentence. The language from *Fifer* offers a measure of guidance where that court stated: "Designation of a crime as person or nonperson depends on the nature of the offense. Crimes which inflict, or could inflict, physical or emotional harm to another are generally designated as person crimes." *Fifer*, 20 Kan. App. 2d at 15. Battery of a law enforcement officer as it existed in both 1983 when Allen committed that crime, and in 2006 when he committed his current crimes of conviction, contemplated harm to another person. That is, the 1983 version of the statute under which Allen was convicted, described the crime as "battery, as defined in section 21-3412, committed against a uniformed or properly identified state, county or city law enforcement officer while such officer is engaged in

5

the performance of his duty" and classified the crime as a class A misdemeanor. K.S.A. 21-3413 (Weeks 1974). Battery was defined as "the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner." K.S.A. 21-3412 (Weeks 1974).

In February 2006, when Allen committed his current crimes of conviction, battery was defined as "(1) intentionally or recklessly causing bodily harm to another person; or (2) intentionally causing physical contact with another person when done in a rude, insulting or angry manner." K.S.A. 2005 Supp. 21-3412. Battery against a law enforcement officer had evolved to distinguish between different types of law enforcement officers. At that point, the crime could either be a class A person misdemeanor or a severity level 5 person felony, depending on which type of law enforcement officer a defendant battered. The only change in language between the 1983 and 2005 versions of the class A misdemeanor was the later clarification of which officers were not included. The battery would be a class A person misdemeanor if "[c]ommitted against a uniformed or properly identified state, county or city law enforcement officer, *other than* a state correctional officer or employee, a city or county correctional officer or employee, a juvenile correctional facility officer or employee or a juvenile detention facility officer or employee, while such officer is engaged in the performance of such officer's duty." (Emphasis added.) K.S.A. 2005 Supp. 21-3413(a)(1).

Battery of a law enforcement officer, under either version of the provision involves harm to another person. Thus, Allen's 1983 conviction was properly classified as a person crime when the court sentenced him in 2008, and his sentence was legal at the time of that pronouncement.

This court applied *Fifer* in deciding *State v. Davis*, 22 Kan. App. 2d 776, 777, 922 P.2d 453 (1996). The *Davis* court ruled that Davis' class B misdemeanor for furnishing cereal malt beverage to a minor was correctly classified as a class B person misdemeanor.

"Under current state statutes, furnishing alcoholic liquor to a minor is classified as a class B person misdemeanor." 22 Kan. App. 2d at 777. The *Davis* court ruled that classifying pre-KSGA crimes as person crimes based on their current, post-KSGA classification was "consistent with the general design of the guidelines." 22 Kan. App. 2d at 777. It cited *Fifer*'s reasoning that the Legislature intended to designate crimes which inflict or could inflict physical or emotional harm to another as person crimes. Kansas courts then continued to classify pre-KSGA convictions as either person or nonperson crimes for criminal history purposes by comparing the prior offense to the classification in effect when the current crime was committed. See *State v. Smith*, 49 Kan. App. 2d 19, 21, 303 P.3d 716 (2013).

Allen seeks to avail himself of a different rule, however, by citing our Supreme Court's opinion in *Murdock II*. The *Murdock II* court began its analysis by stating: "The threshold question in this case is whether the legality of a sentence under K.S.A. 22-3504 is fixed at a discrete moment in time or is a moving target. Put another way, can a legal sentence become illegal when the law changes?" 309 Kan. at 589. The *Murdock II* court answered this question with a firm "no." A sentence is either legal or illegal at the moment it is imposed and later changes in the law will not affect that sentence. 309 Kan. at 591. But the court added that its holding did not disturb the longstanding rule that, in a direct appeal, a defendant will receive the benefit of any change in the law while the direct appeal is pending. 309 Kan. at 591. It is this latter statement that Allen relies on as the foundation for his request for relief.

Allen contends that his direct appeal was pending when our Supreme Court decided *Murdock I*, therefore, this court should now apply *Murdock I* to find that the appropriate designation for his 1983 conviction is a nonperson misdemeanor. In *Murdock I*, our Supreme Court focused on K.S.A. 21-4710(d)(8), which stated the following about out-of-state convictions: "'[U]nclassified felonies and misdemeanors shall be considered and scored as nonperson crimes for the purpose of determining criminal history.'" 299

7

Kan. at 318. Again, before 1993, the person or nonperson classification largely did not exist. Thus, the *Murdock I* court stated, "We hold that Murdock's two prior out-of-state convictions must be scored as nonperson offenses under K.S.A. 21-4710(d)(8) following our *Williams* precedent. We recognize this rule results in the classification of all out-of-state pre-1993 crimes as nonperson felonies . . . ." Allen argues that this *Murdock I* rule changed the law while his direct appeal was pending and thus he should benefit from the change.

Two problems plague Allen's analysis. First, Allen's case was not on direct appeal when *Murdock I* was issued. Rather, he litigated his direct appeal in 2010. *Allen I*, 2010 WL 3636269. *Murdock I* was not decided until roughly four years later. *Murdock I*, 299 Kan. 312, *overruled by Keel*, 302 Kan. 560. "[F]or purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." *Murdock II*, 309 Kan. at 591. The plain, unambiguous language from the *Murdock II* court is that Allen is stuck with the law in effect at the time of his sentencing on September 19, 2008. As a result, he may not avail himself of the benefit of *Murdock I*.

The second problem arising from Allen's reasoning is that *Murdock I* simply does not apply to him. In *State v. Waggoner*, 51 Kan. App. 2d 144, 155-57, 343 P.3d 530 (2015), this court determined that *Murdock I* did not apply to in-state convictions. The misdemeanor Allen is challenging was committed in Kansas. *Waggoner* confirmed that in-state convictions were classified as person crimes if they inflicted or could inflict physical or emotional harm on a person, noting that this determination arose out of a comparison of the offense against current guidelines offenses. 51 Kan. App. 2d at 153, 155 (citing *Fifer*, 20 Kan. App. 2d at 15); see also *State v. Coppage*, No. 115,585, 2019 WL 1976427, at *3 (Kan. App. 2019) (unpublished opinion); *State v. Meek*, No. 114,979, 2016 WL 4413759, at *2 (Kan. App. 2016) (unpublished opinion); *State v. Denney*, No. 113,958, 2016 WL 4161334, at *2-3 (Kan. App. 2016) (unpublished opinion); *State v. Antalek*, No. 114,033, 2016 WL 4063971, at *3 (Kan. App. 2016 (unpublished opinion).

Thus, although Allen correctly argues that *Murdock I* was a change in the law, it is not one which impacts him given that his challenge targets an in-state conviction.

We recognize that the district court did not cite *Waggoner* as authority in deciding whether to classify Allen's prior conviction as a person or nonperson offense. Instead, the trial court cited *Keel* as its basis for denying Allen's motion to correct an illegal sentence. Allen stresses that the trial court erred in its chronology. The trial court incorrectly stated: "*Keel* was issued before the Kansas Court of Appeals issued its decision on Defendant's direct appeal, and, therefore, applies." Allen correctly notes that the court did not issue *Keel* until after his direct appeal concluded. While *Keel* does not apply to Allen, the trial court could have correctly cited *Waggoner* instead for essentially the same result. If a trial court reaches the correct result, its decision will be upheld even though it relied on the wrong ground or assigned erroneous reasons for its decision. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015). Here, the trial court's correct result did not rely on erroneous reasoning, it simply cited the wrong case as the foundation for its legally sound conclusion. The district court did not err in summarily denying Allen's motion to correct an illegal sentence.

Affirmed.