NOT DESIGNATED FOR PUBLICATION

No. 127,004

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANDREW GREENE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Johnson District Court; NEIL B. FOTH, judge. Submitted without oral argument. Opinion filed November 22, 2024. Affirmed in part and dismissed in part.

*Richard P. Klein*, of Lenexa, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: This is the second time Andrew Greene has appealed a district court's denial of a motion to correct an illegal sentence. Greene, in this timely appeal, argues the district court erred in classifying his pre-1993 convictions as person felonies—the same argument he previously made to another panel of our court. The State responds the doctrine of res judicata bars Greene from bringing the same claim again. Greene also asserts the district court erred in sentencing him to the aggravated sentence within the presumptive sentencing grid box. After a thorough review of the record, we affirm in part and dismiss in part for lack of jurisdiction.

1

FACTUAL AND PROCEDURAL BACKGROUND

The full factual background of the underlying criminal case was set forth by our Supreme Court in Greene's direct appeal and need not be repeated in detail here. *State v. Greene*, 299 Kan. 1087, 1088-1091, 329 P.3d 450 (2014). Relevant to this appeal, in January 2011, a jury convicted Greene of rape, in violation of K.S.A. 21-3502(a)(1)(C) (Torrence 2007), for acts committed in March 2009. The district court determined Greene was an aggravated habitual sex offender and sentenced him to life imprisonment without the possibility of parole. Greene directly appealed to our Supreme Court, arguing, among other things, the district court should have sentenced him as a persistent sex offender under K.S.A. 21-4704(j) (Torrence 2007) (now K.S.A. 21-6804[j][1]) rather than an aggravated habitual sex offender under K.S.A. 21-4642 (Torrence 2007) (now K.S.A. 21-6626). While our Supreme Court affirmed Greene's conviction, it vacated and remanded Greene's case for resentencing as a persistent sex offender. *Greene*, 299 Kan. at 1087-88.

On remand, the district court resentenced Greene as a persistent sex offender to 1,236 months' imprisonment. Greene appealed to a panel of this court, claiming, in part, the district court erred in failing to apply *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), to classify his pre-1993 convictions for criminal history purposes. Specifically, Greene asserted "the district court erred in scoring his three pre-1993 convictions—a 1975 Kansas rape conviction, a 1975 Kansas conviction of aggravated indecent liberties with a child, and a 1987 Kansas conviction of attempted aggravated kidnapping—as person felonies." *State v. Greene*, No. 114,825, 2016 WL 4582546, at *2 (Kan. App. 2016) (unpublished opinion). The panel explained the district court did not err by not applying *Murdock* as our Supreme Court explicitly overruled *Murdock* and the panel was bound by Kansas Supreme Court precedent. *Greene*, 2016 WL 4582546, at *2. Our Supreme Court denied Greene's petition for review, and the mandate was issued June 6, 2017.

In October 2021, Greene filed a pro se K.S.A. 60-1501 petition, asking the district court to correct an illegal sentence. Generally, an inmate making a claim under K.S.A. 60-1501 must assert a deprivation of a constitutional right for us to have jurisdiction. *Anderson v. McKune*, 23 Kan. App. 2d 803, 806, 937 P.2d 16 (1997). Here, we observe the district court construed Greene's petition as a motion to correct illegal sentence and addressed the specific claims Greene raised. The district court denied Greene's petition.

ANALYSIS

*Greene's claim is barred by the doctrine of res judicata.*

Greene argues his sentence was illegal as the district court incorrectly classified three prior convictions as person felonies. Greene incorrectly asserts *Murdock* controls to score his pre-1993 convictions as nonperson felonies. Greene fails to acknowledge our Supreme Court explicitly overruled *Murdock* in *Keel*. Greene also recognizes another panel of this court has decided this issue but suggests it was wrongly decided. See *State v. Smith*, 49 Kan. App. 2d 19, 22, 303 P.3d 716 (2013). The State responds claiming Greene previously raised this exact issue in another appeal and he cannot relitigate the same issue. See *State v. Greene*, No. 114,825, 2016 WL 4582546, at *2 (Kan. App. 2016) (unpublished opinion).

Whether a sentence is illegal under K.S.A. 22-3504 turns on interpretation of the Revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq. Statutory interpretation is a question of law subject to unlimited review. *Keel*, 302 Kan. at 571-72. A determination of whether a claim is barred under the doctrine of res judicata is also a question of law. *State v. Moncla*, 317 Kan. 413, 415, 531 P.3d 528 (2023).

A litigant cannot raise claims previously resolved by the courts. The doctrine of res judicata "generally bars a claim when the same parties are involved, the same claim

3

was previously raised, and there has been a final judgment on the merits." 317 Kan. at 415. "'A successive motion that merely seeks a "second bite" at the illegal sentence apple is susceptible to dismissal according to our longstanding, common-law preclusionary rules.'" 317 Kan. at 417.

Greene's prior claim involved the same parties—the State of Kansas and Greene. This same claim was raised by Greene when he asserted his three pre-1993 convictions should have been classified as nonperson felonies under *Murdock*. *Greene*, 2016 WL 4582546, at *1. Another panel of this court issued a final judgment on the merits, explaining:

> "This court is bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. Accordingly, *Murdock* cannot be applied to the claims Greene raises on appeal since *Murdock* was explicitly overruled by *Keel*, 302 Kan. 560, Syl. ¶ 9. The district court, therefore, did not err in finding *Murdock* does not apply to Greene's prior convictions, and in accordance with *Keel*, 'the classification of a prior conviction or juvenile adjudication for criminal history purposes under the KSGA must be based on the classification in effect for the comparable offense when the current crime of conviction was committed.' [Citation omitted.]" *Greene*, 2016 WL 4582546, at *2.

Greene is merely seeking "'a "second bite" at the illegal sentence apple,'" and his claim is dismissed based on our longstanding preclusionary rules. See *Moncla*, 317 Kan. at 417. The doctrine of res judicata bars Greene's successive claim. We affirm the district court's summary denial of his illegal sentence motion.

*We lack jurisdiction to review Greene's presumptive grid-box sentence.*

Greene now claims the district court, at his resentencing hearing, erred in sentencing him to the aggravated sentence within the presumptive sentencing grid box.

4

Greene acknowledges our Supreme Court rejected such claim in *State v. Johnson*, 286 Kan. 824, 842, 190 P.3d 207 (2008), but now suggests *Johnson* was wrongly decided. The State responds Greene failed to preserve this issue for appeal even though he raised the issue in his K.S.A. 60-1501 petition.

"An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, an appellate court must dismiss the appeal. [Citation omitted.]" *State v. Marinelli*, 307 Kan. 768, 769, 415 P.3d 405 (2018).

Under the KSGA, we cannot review "any sentence that is within the presumptive sentence for the crime." K.S.A. 21-6820(c)(1). The KSGA defines "'presumptive sentence'" as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 21-6803(q). In *Johnson*, our Supreme Court rejected the argument the aggravated sentence within a sentencing grid box "cannot be considered a standard—or in KSGA terminology a 'presumptive'— sentence because constitutionally a jury must consider and determine the aggravating factors." 286 Kan. at 842.

Because Greene was found a persistent sex offender, his term of imprisonment was double the maximum duration of the presumptive imprisonment term. K.S.A. 21-4704(j) (Torrence 2007). Greene committed a severity level 1 person felony and had a criminal history score of B. See K.S.A. 21-3502(c) (Torrence 2007). Thus, Greene's presumptive imprisonment terms provided in the grid box based on his crime of conviction and criminal history ranged from 1,236 months' imprisonment for the aggravated sentence; 1,172 months' imprisonment for the standard sentence; and 1,108 months' imprisonment for the mitigated sentence. See K.S.A. 21-4704(a) (Torrence 2007). The sentencing judge imposed the aggravated sentence of 1,236 months' imprisonment—a sentence within the presumptive term of imprisonment. We lack

jurisdiction to entertain Greene's argument the district court erred in ordering him to serve a presumptive term of imprisonment. See *Johnson*, 286 Kan. at 842.

Affirmed in part and dismissed in part.